AMERICAN GRAPHIC COMPANY *vs.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

July 15, 1890.

**Contract—Delay in Performance—Waiver by Agent—Presumption of Authority.**—Defendant, by its general manager, contracted with plaintiff for the publication in its paper of certain matter by a given date; the matter to be furnished, and the details of the publication to be looked after, by defendant's passenger agent. The agent failed to furnish the matter until after the date named in the contract for its publication. As soon as the matter was furnished, plaintiff published it in accordance with the contract, except as to time. *Held*, that the plaintiff had a right to assume that the delay of the agent was authorized by defendant.

Action brought in the district court for Hennepin county, to recover $1,100 for advertising defendant's railway in plaintiff's newspaper, (the Daily Graphic, an illustrated newspaper published in New York,) and furnishing defendant with 10,000 copies of the paper, pursuant to the contracts mentioned in the opinion, by the terms of which the defendant was "to furnish the necessary matter for publication, photographs and drawings for the display." At the trial, before *Lochren*, J., the plaintiff had a verdict. The defendant appeals from an order refusing a new trial.

*F. D. Larrabee*, for appellant.

*Wilson & Van Derlip*, for respondent.

COLLINS, J. Upon the trial of this action, there was an abundance of testimony introduced, tending to show that subsequent to the making of the original contract between the plaintiff, by its agents, and the defendant, by its general manager, its terms were changed and altered by mutual consent, and that thereupon the manager directed and authorized the passenger agent to reduce these changes and alterations to writing, which was done, and to thereafter carry out and attend to all of the details of the publication, which included the furnishing of information and material in regard to defendant's railway to the plaintiff. It was also clearly shown that thereafter, on passes furnished by the manager, plaintiff's representatives made an eight-

days' trip over defendant's line of road, in the manager's private car, accompanied by the passenger agent, for the purpose of gathering up and arranging a portion of the required information and material, and that the sole reason why the views and reading matter bargained for were not published by July 15th, as stipulated, was because the passenger agent delayed and omitted to furnish to plaintiff the necessary material and information in respect to defendant's road, as he had previously agreed and undertaken, until about the middle of September.    The publication was then made as soon as the matter could be prepared, concededly in accordance with the terms of the contract, except as to the time of its appearance in plaintiff's paper.

As the defendant's general manager placed the details of the proposed publication in the hands of the passenger agent, according to the testimony, which included, of course, the furnishing of various items of information as well as material, the plaintiff was not bound to look elsewhere as to any of those matters.    It could safely rely upon the agent; and, if the required information and material were not forthcoming in time to publish in July, but were furnished later by him, the plaintiff was fully justified in proceeding to fulfil its part of the contract.    If, in placing the details of the publication in the custody and control of the passenger agent, the defendant did not expressly authorize him to delay the same, the plaintiff was warranted in believing, under the circumstances, that the agent was clothed with authority to do as he did.    In either case the verdict is sustained by the evidence.    These views necessarily dispose of the many assignments of error made by appellant.

Order affirmed.