## JOHN OVER

*v.*

## J. K. CAROLUS.

*Opinion filed February 14, 1898.*

1. REDEMPTION—*when mortgagor's intention to defraud creditors will not defeat his equity.* One who deeds his property as security for a debt, receiving a contract from the grantee to reconvey upon payment, and who afterward makes an assignment for creditors but fails to schedule the equity of redemption as assets, is not barred from asserting such equity as against a subsequent purchaser with notice, even though his purpose was to defraud creditors.

2. SAME—*effect of consent by owner of equity of redemption to exchange of property.* The owner of an equity of redemption who co-operates with the holder of the legal title in making an exchange of the property, upon the understanding that he will have the same rights in the new property that he had in the old, will be confined to the new property upon seeking to enforce his equity.

3. ACCOUNTING—*owner of equity of redemption, consenting to an exchange, is not entitled to accounting on basis of value of original property.* The owner of an equity of. redemption who has consented to the exchange of the property by the legal owner, cannot, upon the denial of his right to redeem, compel an accounting on the basis of the value of the original property, upon the theory that by its transfer to an innocent purchaser his right of redemption was lost.

*Over* v. *Carolus,* 70 Ill. App. 513, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Whiteside county; the Hon. J. C. GARVER, Judge, presiding.

C. L. SHELDON, for plaintiff in error.

J. E. McPHERRAN, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Suit was begun in the circuit court of Whiteside county, on the chancery side thereof, by plaintiff in error, against defendant in error, seeking to obtain an accounting between the parties concerning certain business transactions, and for equitable relief. A decree was rendered

dismissing the bill. The case was taken to the Appellate Court on writ of error, which court affirmed the decision of the lower court. Plaintiff in error brings the case here on error.

On February 18, 1887, plaintiff in error, Over, was the owner of section 34, in Hahneman township, Whiteside county, Illinois, subject to a mortgage of $6000. On that day, being indebted to one Emanuel Brown in the sum of $1551, he deeded the property to him as security for said indebtedness, and Brown executed back to him a contract to re-convey the property upon the payment within two years of the $1551 indebtedness. On the following day Over made a general assignment for the benefit of creditors, but in making his schedule of assets he did not include his equity of redemption in section 34. In August, 1888, and after Brown had served notice on Over, the latter surrendered possession of section 34 to Brown. Defendant in error, Carolus, the brother-in-law of Over, paid Brown the amount due him from Over, and Brown thereupon executed a quit-claim deed of the section to Carolus. There is a distinct contradiction in the bill and answer, and also in the evidence, as to whether Carolus took the property from Brown knowing of the contract by him to reconvey to Over, for the purpose of taking Brown's place as mortgagee, or whether he was a *bona fide* purchaser from Brown for a valuable consideration, without such notice. We are of the opinion that the preponderance of the evidence is clearly to the effect that Carolus had knowledge of the equity of plaintiff in error at the time he purchased the property, and he must therefore be held to have taken the title charged with the right of redemption in Over upon payment to him of said indebtedness, and with the undertaking to hold it subject to the right of redemption in Over.

In December, 1891, with the consent and active co-operation of plaintiff in error, Carolus traded the land for certain milling property situated in White Cloud,

Kansas, which, with the like consent of plaintiff in error, he traded for certain lands situated in Missouri and a store building and certain lots in Nebraska. The value of the Nebraska and Missouri property is speculative and uncertain.

Defendant in error contends that the conveyance of the Illinois land by Over to Brown, and his subsequent failure to schedule his interest in the property in the insolvency proceeding, was a fraud upon his creditors, and therefore he is not entitled to the relief prayed. It is a well settled principle that he who comes into a court of equity must do so with clean hands, and this principle is well illustrated by the rule that when a contract has been entered into through fraud or to accomplish any fraudulent purpose, a court of equity will not, at the suit of one of the parties,—a *particeps doli,*—while the contract is executory, compel its execution, or, after it has been executed, set it aside. The rule has no proper application here. Wait on Fraudulent Conveyances (p. 404 *a*) says: "The court will not seek to enlarge the scope or legal effect of a transaction that is tainted with a design to defraud creditors, hence when property is pledged or mortgaged by a debtor, the pledgor or mortgagor will be permitted to redeem it, though the design to defraud creditors may have been present in his mind when the pledge was made or the loan procured. Such a transaction does not, in itself, purport to vest an absolute title in the pledgee or mortgagee, and the courts will not strive to enlarge or vary its operation merely to inflict punishment upon a fraudulent debtor by cutting off the right of redemption." (*Smith* v. *Quartz Mining Co.* 14 Cal. 242; *Taylor* v. *Wells,* 5 Mass. 109; *Jones* v. *Rahily,* 16 Minn. 259; *Gowan* v. *Gowan,* 30 Mo. 472.) Plaintiff in error is not barred from asserting his equity of redemption as against defendant in error, though it be conceded the original conveyance to Brown was made in contemplation of fraud of his creditors.

The contention of plaintiff in error is, that he has an equity of redemption in section 34, and that as defendant in error has disposed of it to an innocent purchaser, for a valuable consideration, without notice, thereby precluding a redemption, he is entitled to recover a money judgment for the difference between the amount owing defendant and the present value of section 34. In this contention he cannot be sustained. As we have said, the record shows that the trade of section 34 for the mill property, and the subsequent trade of it for the real estate now held in Nebraska and Missouri, were made by the consent and co-operation of plaintiff in error, the intention, however, being that defendant should continue to hold the property as security and that plaintiff should be allowed to redeem. His relief, therefore, if any is granted, must be against the property now held by defendant in error. The position that because the defendant denies any right of redemption whatever he has converted the property to his own use, and hence should be compelled to respond in money to the extent of the present value of the original property, is clearly untenable. There is no rule of law or equity which imposes upon a party liability beyond the obligation of his duty, merely because he may deny that duty. In other words, the fact that the defendant may have understood his rights to be different from those insisted upon by the plaintiff can not be held to increase or change his liability. It would be most inequitable and unjust to allow plaintiff in error to compel an accounting upon the basis of the value of the original property, after consenting to its exchange for other and different property of doubtful value.

It is further insisted that the complainant was at least entitled to an accounting as to the Nebraska and Missouri property, and that the circuit court erred in denying him that relief. This depends upon whether or not the bill is so framed as to authorize such a decree. The specific prayer for relief is as to section 34. True, there

is a general prayer, which is broad enough to justify a decree granting relief as to the lands now held by the defendant; but we find no sufficient allegations of fact in the bill upon which an accounting against the latter property can be based. The prayer is broad enough, but the allegations are not sufficient to authorize a decree based on the value or receipts from property other than section 34.

On the whole record we think the decree of the circuit court is in conformity with the law and facts of the case, and that decree, together with the judgment of the Appellate Court, will be affirmed.

*Judgment affirmed.*