# JOHN M. BRADFORD v. DOROTHEA S. BORG.[1]

May 19, 1911.

Nos. 17,097—(115.)

**Fraudulent conveyance to wife — evidence.**

> In an action to set áside a conveyance of real estate by a husband to his wife, *held*, the evidence sustains a finding that there were no existing creditors at the time, and that the property was conveyed for a good and valuable consideration.

**Judgment in bankruptcy — res judicata.**

> The judgment of the federal court that a bankrupt is not entitled to a discharge, upon the ground that he has an interest in property standing in the name of his wife, is not res judicata in an action brought by the trustee in bankruptcy against the wife to set aside the conveyance as a fraud upon creditors.

Action in the district court for Ramsey county by the trustee in bankruptcy of Samuel Borg to set aside the conveyance of certain real estate and to adjudge plaintiff to be the legal owner thereof. In her answer defendant alleged that on July 23, 1906, Samuel Borg, for a good and valuable consideration transferred to defendant all his interest to the real estate in controversy, intending that she should be the absolute owner thereof; that the transfer was neither made nor received with fraudulent intent, nor for the purpose of placing the property beyond the reach of creditors; that she was in possession thereof, and that at the time of such conveyance Samuel Borg had no creditors. The reply was a general denial. The case was tried before Olin B. Lewis, J., who made findings of fact and as conclusion of law ordered judgment in favor of defendant. From an order denying plaintiff's motion to amend the findings and for a new trial, he appealed. Affirmed.

*B. H. Schriber,* for appellant.
*John R. Donohue,* for respondent.

[1]Reported in 131 N. W. 373.

LEWIS, J.

Action by the trustee in bankruptcy of Samuel Borg to set aside a conveyance of certain real estate made by Mr. Borg to his wife, the defendant, upon the ground that the property was conveyed to her without consideration, and for the purpose of defrauding his creditors. The trial court found that there was a good and valuable consideration for the conveyance, and that it was made with the intention of vesting the title absolutely in the defendant, for her sole use and benefit.

1. There was evidence tending to show that about one-half of the money invested in the real estate conveyed was furnished by the defendant, although the title stood in the name of her husband. It was conclusively proven that on July 23, 1906, the date of the conveyance, Mr. Borg was not indebted to any one, and that the conveyance was not made to defraud any creditors then existing, and there was no evidence to indicate that it was made in anticipation of defrauding any future creditor. It appears that an action was commenced against Mr. Borg in February, 1909, by one Chapman, which terminated in a judgment in May, 1909, for $754.55, and that this indebtedness grew out of some transaction between the parties which originated in November, 1906. It further appears that this judgment has never been satisfied, and that in 1910 he filed a petition in bankruptcy and was duly adjudged a bankrupt. But there is no evidence that this indebtedness arose at or prior to the date of the conveyance. Mr. Borg testified that the property was conveyed to defendant absolutely, without any secret understanding, and that it was conveyed as her property as a gift to her. The defendant testified that Mr. Borg told her that he thought she ought to have something in her own name. After the conveyance was made, Mr. Borg continued to take charge of the property and collect the rents; but to what extent he accounted to his wife does not appear from the record, except that she testified that he had rendered one statement of account.

We are of the opinion that this evidence was sufficient to justify the trial court in finding that the conveyance was made for a good and valuable consideration. There was evidence tending to show

that after the conveyance was made Mr. Borg continued to exercise control over the property and collect the rents; but his conduct was consistent with the position of agent for his wife, as found by the court, and it does not conclusively appear from the evidence that there was no change in the nature of the possession of the property and that he appropriated the income to his own use.

2. In December, 1910, the petition of Mr. Borg for a discharge in bankruptcy was denied, upon the ground that on the evidence received before the referee the court was of the opinion that Mr. Borg had an interest in the property standing in the name of his wife. Conceding, without deciding, that such a judgment is final as between the parties involved, it has no binding effect upon this court in this proceeding. The defendant was not a party to that proceeding; and presumably the evidence was different.

We have examined the assignments of error in reference to the rulings of the court on the reception of evidence, and find that no error was committed in that respect.

Affirmed.