*In re* TIMOTHY HESS' ESTATE.

Argued April 27, 1894.   Affirmed May 15, 1894.

No. 8619.

**Evidence of the conversations of a deceased person.**

Where a witness who is a party to the suit, or interested in the result thereof, is required on cross-examination to state a conversation with a person since deceased, *held*, the party so cross-examining thereby waives the protection of the statute, and, on redirect examination, such witness is competent to give the whole of such conversation, or to qualify or explain the same by other conversations with the deceased, relating to the same transaction.

**Former statements of a witness to affect his credibility.**

*Held*, the mere fact that a party to the suit gave evidence in a former suit between the same parties contradicting his evidence in the present suit does not conclude him as a question of law, but the effect to be given to his evidence is a question for the jury.

**Statute of limitation of actions.**

When services are rendered by one party to another under an agreement that the former shall be compensated out of the estate of the latter at the time of his death, *held*, the statute of limitations does not commence to run against the claim until the time of the death of the latter.

Appeal by James Hess, executor, and Ella Dearborn, executrix, of the will of Timothy Hess, deceased, from an order of the District Court of Winona County, *Charles M. Start*, J., made August 1, 1893, denying their motion for a new trial.

Timothy Hess, a farmer residing in Wiscoy, Winona County, died testate in December, 1889.   The will was after contest admitted to probate. *In re Hess' Will*, 48 Minn. 504.   His daughter Mary Foster filed a claim for services as his housekeeper from September 1, 1874, to May 1, 1886, at $4 per week, $2,416, less a credit of $604 paid thereon.   The Probate Court allowed her $1,244.   The executors appealed to the District Court where pleadings were made up as in civil actions, pursuant to Laws 1889, ch. 46, § 260.   The claimant stated in her complaint that at the request of deceased she performed services for him as housekeeper on his farm from September 1, 1874

to May 1, 1886, continuously except for about ten months in 1877 and 1878, that he promised her that she should be paid therefor partly from time to time and the balance out of his estate after his death, that her services were worth $4 per week and that she had been paid $604, and she prayed judgment for the balance, $1,828. The executors for answer made a general denial and alleged that the payment exceeded the value of the services and that the cause of action did not accrue within six years next preceding the testator's death. At the trial the claimant was permitted after objection and exception to prove that the value of the estate was $5,000. The executors afterwards proved the same value. She was a witness to prove her services and their value. On cross-examination she was asked about the promise made to her by her father so far as to show that he agreed to pay her $1 a week until the mortgage on the farm was paid off and $2 a week thereafter and that he paid these sums amounting to $604 which she allowed in the complaint. On redirect examination she was allowed after objection and exception to state the entire conversation as to the contract. The jury found for the claimant and assessed her damages at $736.50. They returned a special verdict that they did not include in the general verdict anything for her services prior to October, 1877. The executors moved for a new trial. The court denied the motion on condition that the claimant consent that the verdict be reduced to $500. She consented. The executors appeal from the order.

*Lloyd Barber*, for appellants.

The value of Hess' estate was immaterial and the evidence of its value was prejudicial.

On the cross-examination of the plaintiff she was questioned as to admissions she had made on oath when testifying as a witness on the trial of the contest of the will of Timothy Hess in reference to the agreement between herself and her father under which she kept house for him. There was no objection to this examination. On being re-examined she was asked and permitted to state all the conversation with her deceased father in direct violation of the statute. 1878 G. S. ch. 73, § 8. This was error. If the cross-examination of the claimant called for a conversation between her and her father the extent to which she could testify on that question on redirect ex-

amination would be to give the remainder of that conversation if any had been omitted. *Hathaway* v. *Brown*, 18 Minn. 414; *Rhodes* v. *Pray*, 36 Minn. 392; *Rouse* v. *Whited*, 25 N. Y. 170; *Nay* v. *Curley*, 113 N. Y. 575; *Prince* v. *Samo*, 7 Ad. & E. 627.

*Brown & Abbott*, for respondent.

The evidence as to the value of Hess' estate was not prejudicial. The value was in fact admitted. *Schwab* v. *Pierro*, 43 Minn. 520.

The cross-examination of the claimant as to a part of the conversation with her deceased father gave her the right to contradict or explain it on redirect examination. *Teague* v. *Irwin*, 134 Mass. 303; *State* v. *Witham*, 72 Me. 531; *Mowry* v. *Smith*, 9 Allen, 67; *Furbush* v. *Goodwin*, 25 N. H. 425; *Merritt* v. *Campbell*, 79 N. Y. 625; *Nay* v. *Curley*, 113 N. Y. 575.

CANTY, J.   The claimant, Mary Foster, was the daughter of Timothy Hess, and after the death of his wife, in 1874, performed services in keeping house and doing domestic work for him and her brother until 1877, and did the same character of work for him again from 1878 to 1886.   He died in 1889.

She filed a claim against his estate for these services, alleging that he agreed with her that she should be paid what her services were reasonably worth out of his estate at the time of his death; that said services were worth $4 per week for all of said times; and that no part thereof had been paid except $604.   An appeal was taken from an allowance of her claim in the Probate Court.   She recovered a verdict in the District  Court for the last period of her service of $736.50.   The court, on motion for a new trial, cut the verdict down to $500, and, on her acceptance of that sum, denied the motion for a new trial, and the executors appeal.

The first assignment of error is not well founded.   The court admitted immaterial evidence against the objection that it was immaterial, and the defendants proved the same facts themselves by other evidence.   The claimant was a witness on her own behalf, but was not allowed on her examination in chief to testify to any conversations with the deceased.   On cross-examination she was questioned about the terms of this contract between her and deceased as to her services, so as to draw out from her the statement that her father

agreed to pay her $1 a week for a part of the time, and $2 a week for the rest of the time of her service, and that he had paid her these sums, amounting in all to $604. On redirect examination the witness testified, against defendants' objection and exception, that her father agreed to pay her this as pin money, or for her current expenses, but also agreed that she should be paid the balance of what her services were worth out of his estate after his death. This is assigned as error. The statute makes any person a party to or interested in the result of a suit incompetent to testify to conversations with a deceased person. But the opposite party must respect this statute himself. If he cross-examines such a witness as to such conversations, so as to bring out a partial statement of any such conversation, he thereby waives the statute, and on redirect examination the witness is competent to give the whole of such conversation, or qualify or explain the same.

The claimant also admitted on said cross-examination that, in a former proceeding to contest the will of deceased, she testified that she was to get but $1 a week for a part of her service, and $2 a week for the rest, and that her father did not owe anything when he died. Defendants excepted to the refusal to give instructions asked by them to the effect that the claimant was concluded by this testimony, and could not explain or contradict it, and, for the same reason, excepted to parts of the charge given, and assign this as error. It was not error. It was a question for the jury to decide on the effect of this contradictory evidence, not for the court. The refusal of the court to charge that the statute of limitations had run against this claim is assigned as error. If, as the jury found, it was agreed that the claimant should be paid out of the estate of deceased at the time of his death the contract was valid,—*Schwad* v. *Pierro*, 43 Minn. 520, (46 N. W. 71;) and the statute did not commence to run until that time.

The other assignments of error are without merit, and the order appealed from should be affirmed. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 193.)