J. I. CASE THRESHING–MACHINE COMPANY v. JOHN R. McKINNON.[1]

December 20, 1900.

Nos. 12,440—(151).

| 82 | 75 |
| 83 | 182 |

### Sale—Verbal Warranty.

No particular form of words is necessary to constitute a verbal warranty of personal property by the vendor on its sale, providing there be an assurance of a material fact affecting its quality upon which the purchaser could and did rely.

### Evidence—Reliance on Warranty.

It is not essential that the purchaser of personal property on the trial testify that he relied upon the assurance by the vendor which constitutes the warranty, if the circumstances are such as to justify the inference that he did so.

### Authority of General Agent.

A general agent who has power to sell property for his principal, in the absence of express restrictions upon his right to warrant the same and notice of such restrictions to the purchaser, may be presumed to have authority to do so.

### Verdict Sustained by Evidence.

Evidence in this case considered, and *held* sufficient to support the verdict.

Appeal by plaintiff from an order of the district court for Polk county, Watts, J., denying a motion for judgment in favor of plaintiff notwithstanding the verdict or for a new trial. Affirmed.

*H. Steenerson* and *Fish, Cary, Upham & Black,* for appellant.

*A. A. Miller,* for respondent.

LOVELY, J.

Defendant was the local salesagent for plaintiff's threshing outfits at Crookston. At the close of the year's agency he was indebted to plaintiff for extras and supplies, but asserted the right to offset on his settlement with his principal damages sustained by him for an alleged breach of warranty in the sale of a traction engine which he claims to have purchased of his principal. At the

[1] Reported in 84 N. W. 646.

trial defendant had a verdict on his counterclaim for $145. Upon a settled case plaintiff moved for a new trial, which was denied, from which order the whole evidence is brought here on appeal.

We have carefully reviewed the whole record, and find that the only issue raised thereby involves the sufficiency of the evidence to fairly support the verdict.

It appears from the evidence that defendant, as local agent of the plaintiff, had received an order from third parties (William, Fred H. and W. A. Reitmeyer) for an engine and separator of a certain grade and character, which order was declined by the plaintiff, who refused to sell the same to the Reitmeyers upon the ground that it was not satisfied of their responsibility. Defendant then went to Grand Forks, and had an interview with the general agent of the plaintiff at that place, and urged him to accept the order for the machine, stating that he was perfectly satisfied of the responsibility of the Reitmeyers, and would be willing himself to sell the machine to them. According to defendant's testimony, the general agent (Cleary) then offered to sell the machine to defendant, to which defendant agreed, and then inquired of the general agent if the engine had power sufficient to run the separator, when Cleary assured him that it had ample power. Defendant claims that upon this assurance he concluded the sale, and purchased the outfit himself, and that it was afterwards shipped to him; that he sold it to the Reitmeyers, and paid plaintiff for it, but that it turned out that the engine was not capable of running the separator; that it lacked steaming capacity for that purpose, and in that respect there was a failure of the warranty made to him through Cleary, which diminished the value of the engine to the extent of $410. Cleary, on the trial, denied that the sale was made to defendant, or that he made any assurance, in the nature of a warranty or otherwise, as to the capacity of the engine. In this respect there was a clean-cut issue of fact between the general agent and defendant.

It is claimed on behalf of the plaintiff that defendant had notice, by reason of the contract between himself as local sales-agent and plaintiff, that agents had no right to warrant plaintiff's machinery, except in writing; but Cleary was a general agent, and

there is no evidence that defendant had any knowledge of the relations that existed between him and the plaintiff, and there is nothing in the local agency contract that required defendant to assume that the same restrictions were placed upon the general agent as upon himself in the limited capacity in which he acted, and the general rule of presumptions as to authority in an agent authorized to make sale would apply in this case. Tice v. Russell, 43 Minn. 66, 44 N. W. 886; American Graphic Co. v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 44 Minn. 93, 46 N. W. 143; Oster v. Mickley, 35 Minn. 245, 28 N. W. 710.

After the alleged sale to defendant he took an assignment of the plaintiff's rights against the Reitmeyers, and afterwards commenced suit against the latter upon their default to pay for the outfit. In his verified complaint in that suit, which was drawn by defendant's attorney, there is a statement that the machine had been sold by plaintiff to the Reitmeyers, and that the claim against the Reitmeyers had been assigned to defendant. This suit was afterwards discontinued, but the complaint therein was offered and received in evidence as tending to contradict the defendant's statement that he had purchased it himself. While this evidence is quite inconsistent with the claim that there was a sale from plaintiff to defendant, yet it does not conclude the latter from showing the real facts as they actually existed. This fact was for the jury, and we cannot see, in reviewing the whole record, that defendant's conduct in regard to the seeming inconsistency between his acts in the effort to collect pay from the Reitmeyers and his alleged previous purchase from the plaintiff is so absolutely irreconcilable with the alleged sale and warranty of the machine to him, as shown by his positive evidence, that we must, as a matter of law, set aside the verdict on that account. Even if plaintiff's statements were inconsistent and contradictory to each other, it was for the jury to weigh his testimony, and say at which time he told the truth. In re Hess Estate, 57 Minn. 282, 59 N. W. 193.

The assurance of the general agent that the engine was ample to run the separator was in response to an inquiry made at the time of the alleged purchase, when the outfit was in Wisconsin,

and defendant might reasonably have relied upon it; and it is not improbable that such assurance was acted upon by him. It is well settled that no particular form of words is necessary to constitute a warranty. The assurance of the steaming capacity of the engine was sufficient for that purpose. Warder v. Bowen, 31 Minn. 335, 17 N. W. 943. Neither do we think that it was necessary to prove, independently of the facts stated above, that the defendant relied upon the warranty to support the verdict. He demanded the assurance of the capacity of the engine which he had not and could not examine himself, and in closing his trade immediately thereafter it was not necessary for defendant to testify that he did rely upon the statements of Cleary in this respect. From these facts the jury might find—what would be probable—that the defendant did rely upon the assurance of the general agent. Upon the whole record in this case there was sufficient evidence to sustain the verdict as to the sale, the warranty, and its breach. Its weight was for the jury, whose conclusion cannot be disturbed upon this review.

Order affirmed.