MARY HAHN v. ANTON BETTINGEN.[1]

December 6, 1901.

Nos. 12,748—(98).

### Breach of Promise.

In an action for breach of promise of marriage evidence examined, and *held*, the testimony of the prosecutrix was not so contradictory as to require its rejection as an entirety, and her credibility was a question for the jury.

### Witness—Contradictory Testimony.

The mere fact that a party to a suit testified in a former action between the same parties contradictory to his testimony in a later action does not conclude him, as a question of law, but the effect to be given to his testimony is a question for the jury. In re Hess Estate, 57 Minn. 282.

### Prior Acquaintance.

Appellant having been formerly a married man, it was proper to show the extent and nature of the acquaintance of the parties during such time, for the effect it may have upon their subsequent conduct.

### Verdict not Excessive.

Evidence examined, and *held* that the verdict was not so excessive as to require an order setting it aside upon the ground that the jury were influenced by passion and prejudice.

### Reduction of Verdict.

*Held*, that the trial judge exercised a sound legal discretion in reducing

1 Reported in 88 N. W. 10.

the verdict from $6,000 to $4,000, conditional upon the granting of a new trial.

Action in the district court for Ramsey county to recover $10,000 for breach of promise of marriage. The case was tried before Otis, J., and a jury, which rendered a verdict in favor of plaintiff for $6,000. From an order denying a motion for a new trial on condition that plaintiff consent to a reduction of the verdict to $4,000, which condition was duly complied with, defendant appealed. Affirmed.

*C. D. & Thos. D. O'Brien,* for appellant.

*Norman Fetter,* for respondent.

LEWIS, J.

This action was brought to recover damages for an alleged breach of promise on the part of appellant to marry respondent. The trial in the court below resulted in a verdict in respondent's favor for $6,000, which the trial judge reduced to $4,000, upon condition that a new trial be granted in case plaintiff should refuse to accept the reduced amount; but she acceded to the reduction, and defendant appealed.

We are asked to consider the case under three heads: First, that respondent's testimony is so inherently and apparently unreliable as to justify the conclusion that the evidence does not support the verdict; second, upon certain errors assigned to have been committed in receiving evidence as to the relation of the parties during the existence of appellant's prior marriage; third, that the verdict of the jury was excessive, appearing to have been given under the influence of passion and prejudice.

1. Appellant's argument, that the evidence did not justify the verdict, is based upon the alleged admission of respondent at a former trial that a certain letter alleged to have been addressed by her to appellant was not in fact her production, while at the second trial she insisted that it was genuine and written by her. We cannot agree in rejecting respondent's entire testimony on this point, even if it be conceded that her declarations at the first trial were in contradiction to her statements at the second trial in reference to this letter. "The mere fact that a party to the

84 M.—33

suit gave evidence in a former suit between the same parties contradicting his evidence in the present suit does not conclude him as a question of law, but the effect to be given to his evidence is a question for the jury." In re Hess Estate, 57 Minn. 282, 59 N. W. 193.

But, from an examination of the record, it is by no means certain that at the first trial respondent intended to deny the genuineness of the letter. Her attention was attracted to certain characteristics in the writing, and certain marks upon the paper, which caused her to hesitate in declaring the letter was hers; and it was for the jury to determine what effect was to be given not only to her statements at the first trial, but also to the credibility of the witness, upon a consideration of her entire testimony at both trials. Although appellant denied absolutely any offer of marriage, the jury having passed upon that question, their verdict is final.

2. In the course of the examination in chief, respondent was asked if she had ever met appellant when he was living in St. Paul with his first wife, and, against appellant's objection, was permitted to answer that she had met him several times, whereupon appellant's counsel moved to strike out the answer, which motion was denied. There was no error in this ruling. While at that time appellant was a married man, and, of course, incapable of entering into a matrimonial contract with respondent, yet it was proper to show the origin and continuance of their acquaintance, for the purpose of aiding the jury in determining the probability of an offer of marriage by appellant at a subsequent time, when he had legal capacity to do so. This rule is recognized in the case of Smith v. Hall, 69 Conn. 651, 38 Atl. 386.

3. There is no certain method or rule of law by which an appellate court can determine the question of the justice or adequacy of a verdict in such cases. It is a question resting almost wholly in the judgment of the jury and the discretion of the trial judge. This court cannot interfere unless it appears from the record that the jury were so influenced by passion and prejudice that their verdict was not the result of a fair and candid consideration of

the evidence, and unless the trial judge failed to exercise a sound legal discretion in reviewing that question.

The respondent was a woman of mature years, accustomed to follow the employment of a general family servant, and the appellant was a man in advanced years, apparently in possession of his mental faculties, and capable of attending to his business affairs; and, according to the evidence of respondent and others, his conduct with reference to the alleged contract of marriage seems to have been deliberate, and under no peculiar influences from which it can be inferred that he did not know or understand what he was about. The question of his financial standing has some bearing on the amount of damages found. In such cases the courts have always recognized that the defendant's business, financial, and social standing should be taken into account. From the record in this case it appears that appellant was a well to do business man, of good character and respectable position in the city where he lived. No attempt was made in his behalf to show that such was not the case, and without giving undue weight to those considerations referred to on the part of respondent, such as loss of opportunity, injury to her feelings, humiliation, etc., we are unable to say that the amount returned by the jury was so manifestly the result of passion and prejudice as to require the trial court to set it aside, and, having exercised its discretion in reducing the verdict to $4,000, we find no ground for error.

Order affirmed.