NATHANIEL PRICE and Another v. WASHINGTON LIFE INSURANCE
COMPANY OF CITY OF NEW YORK.[1]

May 27, 1904.

Nos. 13,868—(110).

**Life Insurance.**

> In this, an action on a life insurance policy, it is *held* that the evi-
> dence was sufficient to sustain a finding by the jury to the effect that the
> answers to certain questions as to the health of the insured in the ap-
> plication for the insurance were not the answers of the insured.

Action in the district court for Hennepin county by Nathaniel Price
as administrator of the estate of Margaret Price, deceased, and Eliza J.
Price, plaintiffs, to recover $2,000 and interest upon a policy of insur-
ance issued upon the life of Elijah Price. The case was tried before
Willard R. Cray, J., and a jury, which rendered a general verdict in
favor of plaintiffs for the sum demanded. From an order denying a
motion for judgment notwithstanding the verdict or for a new trial, de-
fendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

*John M. Rees,* for respondents.

START, C. J.[2]

The defendant, on March 5, 1901, made and delivered its policy of
insurance to Elijah Price, and thereby insured his life in the sum of
$2,000, payable to his mother and sister, Margaret Price and Eliza J.
Price, after notice and proof of his death. He died December 16,
1901. This action was brought by the administrator of the estate of
the mother and by the sister to recover the amount of the policy. The
answer of the defendant was to the effect that the insured falsely stated
to its medical examiner that he had never been afflicted with any dis-
ease of the brain, that he had never suffered from paralysis, nor had
he ever had any disease of the urinary organs, and that to the question,
"When and for what complaint did you last consult a physician? Give
full particulars." He falsely answered that he had never been sick.

[1] Reported in 99 N. W. 810.        [2] DOUGLAS, J. (dissenting), I dissent.

The alleged answers of the insured in the particulars stated were written in the report of the medical examiner of the defendant, and purported on their face to have been made by the insured to the medical examiner. The insured, in his application for the insurance, which was in writing, warranted the answers made by him to the medical examiner to be true. There was evidence on the trial tending to show that the insured had paralysis, and had been treated by several physicians for various ailments before he made his application for insurance. There was, however, a conflict of evidence on these facts, and the questions were submitted to the jury.

Evidence was also given on the trial by the plaintiffs tending to show that the answers to the questions in the medical examiner's report were not made by the insured, but that they were written therein by the defendant's medical examiner, without asking the insured any questions respecting his health. The jury found a verdict for the plaintiffs for the full amount of the policy, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

The trial court submitted certain special questions to the jury, which they answered as follows:

> 1. Did Elijah Price, the insured, inform the medical examiner that he had not had paralysis? Answer. No.
> 2. If so, was this answer true? Answer. —
> 3. If Elijah Price had paralysis, was he more subject to attack by disease, or more liable to die, than if he had not? Answer. Yes.
> 4. Did Elijah Price inform the medical examiner that he had never been sick? Answer. No.
> 5. If so, was this answer true? Answer —
> 6. If Elijah Price had been sick, and had been treated by different physicians for several months, was he as good a risk as if he had not? Answer. Yes.

The defendant's first assignment of error is that the court erred in receiving the general verdict, without requiring an answer to all of the special questions. It is perfectly obvious that questions 2 and 5 were not to be answered unless questions 1 and 4 were answered in the

affirmative.   On the oral argument the defendant's counsel urged the claim that it was error for the trial court to receive evidence tending to show that the defendant's medical examiner did not ask the insured any questions in regard to his health, and that the answers to the questions in the examiner's report, which was a part of the application, were not the answers of the insured, for the reason that it was not admissible under the pleadings.   We are of the opinion that the amended reply, liberally construed, was broad enough to justify the admission of the evidence.   Besides, there is no assignment of error covering this alleged error, and, further, if there had been, the point was not made and urged in the brief.   All assignments of error relied on must be urged in the printed brief or points and authorities.   Minneapolis, St. P. & S. S. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902; Keigher v. City of St. Paul, 73 Minn. 21, 75 N. W. 732; Hahn v. Bettingen, 81 Minn. 91, 83 N. W. 467.

The defendant's second and third assignments of error are to the effect that it was error for the court to submit to the jury the question whether the insured informed the medical examiner that he had not had paralysis, and whether he told the examiner that he had never been sick.   Whether it was error or not to submit those questions depends upon the question whether the evidence was sufficient to sustain a finding by the jury that the answers to the questions in the examiner's report which are alleged in the defendant's answer to have been untrue were in fact made by the examiner and not by the insured.

The other assignments of error relate to the refusal of the court to give to the jury certain requested instructions.   In so far as such requests were not substantially covered in the general charge, it was error not to give them, if the evidence was not sufficient to sustain a finding by the jury that the answers to the questions which are alleged in the defendant's answer to have been untrue were not made by the insured.

It follows, then, that the pivotal question in this case is whether the finding of the jury to the effect that such answers were not the answers of the insured is sustained by the evidence.   The only witness on this question was the defendant's medical examiner, and it must be admitted that his evidence was not entirely satisfactory, and, further, that he substantially admitted on his cross-examination that he testified in some material respects differently on a former trial of the case than he did

on the trial here under review.   We have reached the conclusion, from a consideration of the entire testimony of the medical examiner, that it was sufficient to sustain such finding.   It was a question for the jury to decide on the effect of the contradictory testimony.   In re Hess Estate, 57 Minn. 282, 59 N. W. 193; J. I. Case Threshing-Mach. Co. v. McKinnon, 82 Minn. 75, 84 N. W. 646.   Such being the case, it was not error to submit the special questions to the jury, or to refuse the requested instructions.

Order affirmed.