# CHARLES TEAL v. SCANDINAVIAN-AMERICAN BANK OF GRAND FORKS and Another.[1]

May 26, 1911.

Nos. 17,143—(198).

**Finding that deed was given as mortgage.**

Evidence considered, and *held* to sustain the findings of the trial court to the effect that a deed, absolute in form, conveying certain real property from plaintiff to one Johnson, was intended as security for advances to be made by the grantee, and therefore a mortgage.

**Subsequent mortgages by grantee invalid.**

Subsequent mortgages placed upon the land by Johnson to secure his personal debt *held* unauthorized, and not valid as against plaintiff.

**Possession by mortgagor notice to mortgagees.**

Plaintiff remained in actual possession of the land, which was known to the mortgagee in the above-mentioned mortgages at the time of their execution, and this possession is *held* notice to the mortgagee of whatever rights plaintiff had in the land.

[1] Reported in 131 N. W. 486.

**Good faith of mortgagee.**

> The mortgagee, having failed to make inquiry concerning these rights, is not a mortgagee in good faith.

**No estoppel of mortgagor.**

> Plaintiff, on the facts stated in the opinion, *held* not estopped from calling in question the validity of the mortgages.

**Effect of judgment.**

> A judgment or decree of court is conclusive as to all the parties thereto and their privies only.

**Mortgagor's discharge in bankruptcy.**

> Plaintiff's discharge in bankruptcy proceedings, based upon the theory that the land so conveyed and mortgaged, as above stated, was not the property of the plaintiff, *held* not res judicata. of the rights of the parties to this action; defendant mortgagee not having been a party to those proceedings, nor in privity with any of those who were parties.

Action in the district court for Polk county for an injunction restraining defendant bank and the sheriff from foreclosing certain pretended mortgages, for a temporary restraining order during the pendency of this action, and that the mortgages be declared null and void. The defense of the defendant bank is stated in the third paragraph of the opinion. The case was tried before Watts, J., who made findings of fact and as conclusion of law found that defendant bank had no title to the premises; that plaintinff was entitled to judgment enjoining defendant bank from foreclosing either of the mortgages given to it by John A. Johnson, and that defendant bank was entitled to recover judgment against John A. Johnson personally for the sum of $1,000. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*H. A. Bronson, W. J. Rasmussen,* and *A. A. Miller,* for appellants.

*W. E. Rowe,* for respondent.

BROWN, J.

On January 12, 1906, and prior thereto, plaintiff was the owner of five hundred sixty acres of land in Polk county, this state. It was heavily incumbered by mortgages, and plaintiff was otherwise

indebted to various persons. On the day stated he conveyed the property to one Johnson upon the understanding that he (Johnson) would pay and discharge the incumbrances against it, and, upon repayment by plaintiff, reconvey the property. At the same time and as a part of the same transaction plaintiff gave to Johnson a bill of sale of practically all his personal property, horses, cattle, and farm machinery, it is claimed, as further security to Johnson. No consideration for the land or personal property was paid by Johnson. Johnson then gave the plaintiff's wife a lease of the land and personal property, and she assumed to farm and cultivate the land thereunder. Both plaintiff and his wife thereafter remained in the actual possession and occupancy of the land, and so continued during all the times hereafter stated. In February, 1906, plaintiff made an arrangement with one of his mortgage creditors, whereby it was agreed that four hundred acres of the land should be conveyed to the creditor in payment of the indebtedness held by him, and secured by mortgages upon all the land; the creditor agreeing to release and discharge the mortgages against the remaining one hundred sixty acres, which constituted plaintiff's home farm, whereon he resided. In consummation of the agreement Johnson, who then held the title to all the land under the conveyance heretofore mentioned, conveyed the four hundred acres to the creditor, and he in turn discharged the incumbrances upon the remaining one hundred sixty acres.

Thereafter, on June 4, 1906, Johnson borrowed of defendant bank the sum of $1,000, to be used in his personal affairs, and to secure the payment thereof executed a mortgage to the bank upon the land remaining in his name after the conveyance of the four hundred acres. At the time of this transaction Johnson stated to the officers of the bank that he had bought the land, but that Teal, his grantor, plaintiff herein, would remain in possession for the summer. This money so loaned was placed to the credit of Johnson on the books of the defendant bank, and Johnson subsequently checked it out in the ordinary course of business. At the time of this loan, and the execution of the mortgage securing its payment, Johnson gave to the bank his promissory note for $1,500, to offset any overdrafts he

might thereafter make. On September 6, 1906, he had overdrawn his account to the extent of something over $1,400, and the officers of the bank attempted and made efforts to have Johnson pay the same. They were unsuccessful, and on December 19, 1906, Johnson executed to the bank a second mortgage upon the land to secure the payment of this overdraft, which then amounted to $1,500. Thus the mortgages here involved became incumbrances upon the land. Johnson never advanced any money to plaintiff on the faith of the deed, or otherwise, and by a quitclaim deed of February 14, 1908, and a warranty deed of February 1, 1909, he reconveyed the property to plaintiff.

In July, 1909, defendant bank commenced proceedings for the foreclosure of the $1,000 mortgage, and plaintiff brought this action to restrain and enjoin the same, and to set aside and cancel both mortgages and the record thereof, on the ground that they were executed by Johnson without authority; that he had, by virtue of the conveyance of the land to him, no title or interest in or to the land, but held such title only as a mortgagee of plaintiff. The defense was that Johnson in fact owned the land; that defendant bank took the mortgages for value, in good faith; and, further, that plaintiff is estopped from questioning their validity. The trial court found the facts substantially as stated, and as a conclusion of law that the mortgages were invalid, and should be set aside and canceled of record. Defendant bank appealed from an order denying a new trial.

Though the findings of the trial court were not directly challenged by the assignments of error, the sufficiency of the evidence to sustain them is perhaps presented by the assignments alleging error in the refusal of the court to amend and modify the same. The proposed amendments to the findings presented defendant's theory of the facts, and in the main were the opposite of what the court in fact found. Plaintiff raises the question whether the assignments present the question of the sufficiency of the evidence, and, while the question is not free from doubt, we treat the assignments as sufficient and dispose of the case on its merits.

1. The trial court found and decided that the transaction by

which plaintiff conveyed the property to Johnson created the relation of mortgagor and mortgagee, and that the deed, though absolute in form, was in equity a mortgage. It is contended by defendant that in this the court erred. The contention is not sustained.

Plaintiff, a farmer, was heavily in debt. A bank at Crookston held mortgages upon his land, aggregating several thousand dollars, which plaintiff was unable to pay. He had known Johnson for many years, and had had numerous business transactions with him. Plaintiff testified, in substance and effect, that Johnson was somewhat familiar with his situation, and was aware of the incumbrances against the land. At a meeting or conference between the two, it was agreed that plaintiff would convey the property to Johnson in consideration that he (Johnson) would pay off the mortgages, and, upon being reimbursed by plaintiff, reconvey the property. Johnson paid no consideration for the property. The sole purpose of the transaction was to give to him security for whatever money he might advance in payment and discharge of the existing incumbrances. Plaintiff's testimony upon the subject is clear, and, if true, fully justified the court in reaching the conclusion that the deed was in equity a mortgage, conveying no absolute estate or title to Johnson.

It is not important, and is not decisive in such cases, that the relation of debtor and creditor did not exist at the time of the conveyance. Stitt v. Rat Portage Lumber Co., 96 Minn. 27, 104 N. W. 561. It is sufficient if it appear that the purpose was to secure the payment of future advances. Madigan v. Mead, 31 Minn. 94, 16 N. W. 539. Nor is it conclusive against plaintiff that he may have also intended by the transaction the defeat of efforts of other creditors to enforce their claims against him. Livingston v. Ives, 35 Minn. 55, 27 N. W. 74; Over v. Carolus, 171 Ill. 552, 49 N. E. 514; Halloran v. Halloran, 137 Ill. 100, 27 N. E. 82.

The court below, however, found as a fact that at the time of the conveyance plaintiff had no such purpose. Though some of the evidence tends strongly to indicate that a purpose to delay other creditors was in part the purpose of the transactions, it was not of a character to require a finding to that effect. The testimony of plaintiff that the deed was executed as security to Johnson was

not contradicted on the trial, except as presently to be mentioned. Johnson was not called as a witness.

However, it is earnestly contended by defendant that the subsequent conduct, acts, and sworn testimony of plaintiff so conclusively rebut and overcome the testimony given on this trial that it was clear error to find the deed a mortgage. It appears in this connection that, in May following the deed to Johnson, plaintiff filed a voluntary petition in bankruptcy, and in the due course of procedure received his discharge. He did not in that proceeding list the land in question as a part of his assets, or otherwise disclose that he had any interest therein. On the contrary, on the application for his discharge, which was opposed on the ground that he had failed to disclose all his property, he testified that the sale to Johnson was unconditional. The bankruptcy court accepted this evidence, overruled the objections to a discharge, and granted the same.

It is, of course, obvious that the position taken by plaintiff in that proceeding is squarely contradictory of his claim on this trial. But he was not thereby precluded as a matter of law. Krenz v. Lee, 104 Minn. 455, 116 N. W. 832. It was for the trial court to determine whether plaintiff then or on this trial asserted the truth. In re Hess' Estate, 57 Minn. 282, 59 N. W. 193; Hahn v. Bettingen, 84 Minn. 512, 88 N. W. 10; J. I. Case T. M. Co. v. McKinnon, 82 Minn. 75, 84 N. W. 646. The court found that the deed was intended as security, and was therefore a mortgage, and, though the rule requires clear and convincing proof in such cases, we sustain the findings. We are satisfied that plaintiff had no intention of giving the land to Johnson. He paid nothing therefor, and the claim made that it was given as security is reasonable, and not at all improbable. That it had no reference to the subsequent bankruptcy proceeding is quite clear, for plaintiff testified that at the time the deed was executed he had no thought of going into bankruptcy. We are impressed by the record that subsequent to the deed plaintiff became the willing tool of Johnson, who, it fairly appears, was responsible for his subsequent conduct.

2. It is also contended that plaintiff is estopped by his conduct

from now urging the truth, and that he does not come into court with clean hands. The record does not sustain this contention as a matter of law. The facts mainly relied upon in its support the court refused .to find, and we discover no reason from the record for disturbing the action of the court in this respect. As to "clean hands," it may be remarked that plaintiff's hands, in so far as concerns defendant, are clean. Plaintiff had no dealings with defendant, and attempted in no way to deceive or defraud it. His hands may, perhaps, be somewhat soiled as to others; but that fact does not inure to the benefit of defendant. Defendant must recover, if at all, upon the merits of its own case. Whether plaintiff, by executing and delivering to Johnson a deed of the property, which was duly recorded, thus holding out by the record title in Johnson, is estopped from denying that title, depends entirely upon the question whether defendant, within the principles of law applicable to such situations, was misled thereby to its prejudice. In our opinion the evidence presented did not require the trial court to so find.

At the time the mortgages were given to defendant by Johnson, plaintiff was in the actual possession and occupancy of the property. This was notice to all the world of his rights. Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, 13 L.R.A.(N.S.) 49; Groff v. Bank, 50 Minn. 234, 52 N. W. 651, 36 Am. St. 640. Defendant was expressly informed .before the mortgages were executed that plaintiff was so in possession, yet made no inquiry concerning his rights, relying wholly upon statements made by Johnson. Having made no inquiry, defendant is chargeable with notice of the actual condition of the title to the land. Randall v. Lingwall, 43 Ore. 383, 73 Pac. 1; Canfield v. Hard, 58 Vt. 217, 2 Atl. 136. Nor does the evidence sustain the claim that inquiry of plaintiff would not have brought to light the truth, or the rights now asserted by him.

The trial court found that, had defendant informed plaintiff that Johnson was about to mortgage the land, plaintiff would have disclosed the fact that Johnson had no interest in the land and no right to incumber it by mortgage or otherwise. The further finding that; had defendant made inquiry without disclosing its purpose, or the fact that Johnson was about to mortgage the land, plaintiff

would not have disclosed his interest in the property, in no essential way changes the situation or the rights of the parties. The court will not speculate in cases of this character upon what might happen or be discovered if inquiry were made, but will presume, in the absence of evidence conclusively showing the contrary, that upon inquiry the true situation and claims of the possessor would be made known.

The only way of overcoming this presumption is to produce the conclusive evidence, or make the inquiry. The conclusive evidence does not appear, and as no inquiry was made, the presumption must be applied. The defendant was not, therefore, an innocent mortgagee. The rule applies with particular force to those dealing in lands with actual knowledge of the possession of some third person, as in the case at bar. The authorities are all collected in a note to Niles v. Cooper, supra, 13 L.R.A. (N.S.) 49.

Neither the bankruptcy proceedings nor plaintiff's attitude therein have any legitimate bearing upon this branch of the case. Defendant did not act or rely thereon in making the loan to Johnson. Those proceedings, therefore, did not mislead defendant, or in any manner or to any extent influence it in accepting the Johnson mortgages. Plaintiff promptly notified defendant, soon after he learned of the Johnson mortgages, that Johnson possessed no interest in the land and had no right to mortgage the same, and demanded the release and discharge thereof, and the fact that he did not promptly bring suit to set the mortgages aside does not justify the conclusion of laches upon his part.

3. The further contention that the discharge of plaintiff in the bankruptcy proceedings, based in part upon the conclusion of the bankruptcy court that plaintiff had no interest in this property, is res judicata, is not sound. Defendant was not a party to that proceeding, nor in privity with any of those who were parties. Defendant's mortgages were obtained long before the date of the discharge in bankruptcy, and, being neither a party nor privy to those proceedings, the rule invoked does not apply. Minnesota Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 Am. St. 354. See also Bradford v. Borg, supra, page 387, 131 N. W. 373.

The case of Schmitt v. Dahl, 88 Minn. 506, 93 N. W. 665, 67 L.R.A. 590, is not in point. It is clear that, if the bankruptcy court had subjected this property to the payment of plaintiff's debts, defendant would not have been concluded thereby; and, conversely, their exclusion by that court does not inure to its benefit, nor amount to an adjudication of which it can claim the benefit.

This covers all questions requiring special mention, and results in an affirmance.

Order affirmed.