# HENRY R. GRIGNON v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

### June 11, 1915.

### Nos. 19,257—(173).

**Verdict sustained by evidence.**

 1. The evidence in an action for personal injuries suffered by plaintiff, a passenger on one of defendant's freight trains, by an unusual and violent movement of the train, by reason of which plaintiff was thrown violently to the floor of the caboose and severely injured, is *held* sufficient to support the verdict of negligence on the part of defendant, and as to the nature and character of plaintiff's injury.

[1] Reported in 153 N. W. 117.

---

Note.—As to liability for injuries to passengers on freight train from sudden starting or stopping of train, see note in 34 L.R.A.(N.S.) 230. And as to presumption of negligence from sudden start, stop, jolt, or jerk of car, see notes in 13 L.R.A.(N.S.) 611, and 29 L.R.A.(N.S.) 814.

As to effect of party's changing testimony on second trial, to supply a weakness in the case as made on the first trial, see note in 37 L.R.A.(N.S.) 429. And as to inconsistent testimony in another suit as ground for new trial, see note in 42 L.R.A.(N.S.) 692.

**Contributory negligence — withdrawal from jury.**
   2. The issue of contributory negligence was not presented by the pleadings or litigated by consent, and the court properly withdrew the question from the jury.

**Damages not excessive.**
   3. The damages are not excessive; and the record presents no reversible error.

Action in the district court for Ramsey county to recover $25,000 for personal injury received while a passenger upon defendant's train. The case was tried before Brill, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,750. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.
*Willis & Cahill,* for respondent.

BROWN, C. J.

On November 26, 1913, plaintiff, a traveling salesman, 63 years of age, was a passenger upon one of defendant's freight trains between Kilkenny and Waterville, this state. The train was composed of about 40 cars, and when it reached Waterville, plaintiff's destination, was switched onto a yard passing track. When the train came to stop on this track, the caboose, in which plaintiff was riding, was some distance from the station building. The conductor of the train, being in the caboose at the time, announced that the train would pull up no further and that plaintiff and another passenger would have to leave the train at that point. In response to this statement plaintiff arose from his seat, stepped into the center of the caboose and was in the act of putting on his gloves when, by an unusually violent movement of the train, described by plaintiff as "terrific— fairly raised the caboose off the rails"—he was thrown to the floor of the caboose with great violence, striking upon his head and shoulders, and received the injuries of which he here complains. He thereafter brought this action to recover for his injuries, charging in his complaint that the cause thereof was the negligence of defendant in the operation of the train. Defendant answered by a general de-

nial. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The assignments of error present the questions: (1) Whether the evidence is sufficient to support a finding of negligence on the part of defendant; (2) whether the court erred in withdrawing from the jury the question of contributory negligence; and (3) whether the damages awarded are excessive.

1. We have examined the record with care and find therein evidence sufficient to support the verdict. That plaintiff was a passenger upon the train at the time and place stated the evidence leaves no doubt. And it is sufficient to justify the jury in concluding that plaintiff received the injury complained of by the sudden, unusual and violent movement of the train while plaintiff was preparing to leave the same after the conductor had stated that it would move no further toward the station. Plaintiff was fully corroborated in his testimony relative to the violent movement of the train by a fellow passenger, who characterized the movement as sudden and unusually violent. The conductor was a witness for defendant and he testified that he had no recollection of the occurrence whatever, though plaintiff and his fellow passenger both testified that he was in the caboose at the time, made the announcement that the train would proceed no further, and after the accident inquired of plaintiff whether he had been injured by his fall to the floor. The testimony is to the effect that plaintiff was thrown flat upon the floor of the caboose, and the violence of the movement may in a measure be judged by the fact that his hat was carried to the opposite end of the car. Plaintiff immediately arose to his feet and in reply to the question by the conductor said that he did not think that he had been injured. He left the train and walked to the business part of the village and continued his work as salesman. His head commenced to pain him and he sought the services of a physician, but, not finding one, continued on his traveling route until he reached St. Paul on December 11. He testified that he suffered continuously with a severe headache and occasional dizziness, and on reaching St. Paul applied to a physician for treatment. The physician discovered a serious condition of plaintiff's left ear; the drum thereof had been rup-

tured, and there was a discharge of pus from the inner ear. This physician, and another subsequently consulted by plaintiff, testified that the condition of plaintiff's ear might have been caused by a violent blow upon the head, such as plaintiff claimed to have received when thrown down in the caboose. The evidence also tends to show that plaintiff's sense of hearing from that ear has been substantially impaired, and that the injuries are of a permanent character. Whether the injury was the result of the accident on the train, or from other cause, was a fair question for the jury. The court properly charged the jury that if the jar or bumping of the train on this occasion was the result of "running the slack" as the train came to a stop, as contended by defendant, plaintiff could not recover, for a condition of that kind is ordinarily incident to the operation of freight trains, and one that the passenger assumes. Schultz v. Minneapolis & St. L. R. Co. 123 Minn. 405, 143 N. W. 1131. The evidence is far from conclusive that such was the character of the movement in question.

This was a second trial of the action, a former verdict for plaintiff having been set aside as not justified by the evidence. On the first trial plaintiff testified on cross-examination to facts tending strongly to show, and corroborative of the claim of defendant, that the violent movement of the train was caused by the "running of the slack," and that he noticed the same as he started to leave the caboose. On the present trial he modified this evidence, saying that he did not intend by his former testimony to be understood as fixing the slack movement, which he noticed, after the train pulled onto the passing track, but immediately prior thereto and at the time the train slowed down before reaching the passing track switch. This was no doubt a change in his testimony in point of substance, but it was for the trial court and the jury to determine the question whether plaintiff was misunderstood on the first trial, and whether his explanation was reasonable and in harmony with the truth. The fact that he gave testimony on the former trial in conflict with that given on this trial furnishes no sufficient reason, an explanation thereof being given, why this court should reject his testimony upon the particular point. Krenz v. Lee, 104 Minn. 455, 116 N. W. 832; Hahn

v. Bettingen, 84 Minn. 512, 88 N. W. 10; In re Hess' Estate, 57 Minn. 282, 59 N. W. 193. Plaintiff was explicit in his testimony on both trials that the train had come to a full stop before he attempted to leave the same. It was for the jury to accept or reject his testimony. Nor is it conclusive against plaintiff that he gave to defendant no notice of his claim until the commencement of the action, some two or more months after the occurrence.

2. In its general charge the court instructed the jury that, if plaintiff negligently contributed to the injury, he could not recover. The jury retired in charge of an officer. Counsel for plaintiff then called attention to the fact that contributory negligence was not an issue in the case under the pleadings, whereupon the court immediately recalled the jury and withdrew that instruction. There was no error in this action of the court. The issue was not presented by the answer and defendant was not entitled to have it submitted to the jury on the theory that it had been litigated by consent. Skow v. Dahl Punctureless Tire Co. 129 Minn. 324, 152 N. W. 755. The evidence tending to show that the movement of the train was the result of "taking up the slack" was pertinent upon the main issue in the case, namely, defendant's negligence, and cannot be treated as proper for consideration on the issue of contributory negligence, or that such issue was litigated by consent.

3. The jury awarded plaintiff the sum of $1,750; the former verdict was for $3,000. We discover no reason from the record to justify the conclusion that the amount awarded is excessive, beyond legitimate compensation, or that it was given under the influence of passion or prejudice.

Order affirmed.