JAMES S. McCARTY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY AND ANOTHER.[1]

January 26, 1923.

No. 23,204.

**When contributory negligence at crossing of two main lines of railroad is question for the jury.**

When contributory negligence is relied upon as a defense to an action for damages for personal injuries sustained on a highway at a crossing where there were two main line railroad tracks, and it was shown that a passing freight train on one of the tracks obstructed plaintiff's view of the other track and of an approaching passenger train, by which he was struck, plaintiff is entitled to go to the jury if there is a fair doubt as to the inferences to be drawn from the admitted facts with respect to his alleged negligence.

Action in the district court for Wabasha county to recover $6,200 for injuries to plaintiff's automobile truck and to his person. The answer alleged contributory negligence on the part of plaintiff. The case was tried before Callaghan, J., who when plaintiff rested granted defendants' motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*John R. Foley* and *Samuel A. Anderson*, for appellant.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall*, for respondents.

LEES, C.

Appeal from an order denying plaintiff's motion for a new trial after a directed verdict for defendants in a personal injury case.

The accident happened on grounds near Lake City where the

[1]Reported in 191 N. W. 819.

Minnesota National Guard has an annual encampment. The railway company owns and operates double tracks through the grounds. Hagen is one of its locomotive engineers. At about 9 o'clock in the forenoon of June 16, 1921, plaintiff drove his auto truck upon a highway crossing over the railroad tracks in the camp grounds and was struck by the engine of a southbound passenger train operated by Hagen. Three tracks intersect the highway. The most northerly is a spur track leading to a storehouse on the grounds, the next is the main track used by westbound trains, and the third is the main track used by eastbound trains. After delivering some gasolene at one of the camp storehouses, plaintiff drove along a road which ran parallel to the railroad tracks until it neared the crossing, where it turned at a right angle and passed over the tracks. When plaintiff came to the turn, a westbound freight train was passing over the crossing. He stopped about 20 feet from the spur track and waited until the caboose was about 200 feet beyond the crossing and then proceeded on his way. He testified that he looked east and west and saw no train on the eastbound main. Driving at a speed of about 4 miles an hour, he crossed the spur track and the westbound main and got upon the eastbound main when his truck was struck by a passenger train coming from the west. The truck was demolished and plaintiff was injured, and this action followed.

Defendants were charged with negligence in failing to give the signals required at highway crossings; in failing to keep a proper lookout; in running the train at an excessive rate of speed, and in failing to maintain proper planking between the rails. There was evidence tending to substantiate some of these charges. At the close of plaintitff's case, defendants rested and moved for a directed verdict on the ground that it conclusively appeared that plaintiff had been guilty of contributory negligence. The motion was granted and the sole question here is whether the court was justified in its ruling or should have submitted the question of contributory negligence to the jury. A number of photographs of the scene of the accident were offered in evidence and have assisted us to understand the situation.

On his direct examination; plaintiff testified that when he started to cross the tracks he looked west and that all he could see was the freight train, that he looked until he was on the spur track, that he looked again when he was on the eastbound main and immediately before the accident; that the train struck the truck behind the cab where he sat; that he was watching and listening, but neither saw nor heard the train before he was struck, and that he had been familiar with the crossing for 25 years. On cross-examination, he testified thus:

Q. You didn't look up toward the direction from which No. 30 came when you got up to the first track, did you?

A. Yes, sir.

Q. You had 20 feet to go before you got to the first rail and when you got to the first rail did you look toward the direction from which No. 30 came?

A. Yes.

Q. You couldn't see her, could you?

A. No, sir.

Q. Didn't you see her?

A. No, sir.

Q. Then you went over that track to the next one and on the next one you were hit?

A. Yes, sir.

Q. Then No. 30 was somewhere down that track, but you couldn't see her, is that right?

A. Yes, sir, she was there coming.

Q. But you didn't see her?

A. I didn't see her until just before I got struck.

Q. You kept on looking to see?

A. Yes, sir.

Q. Kept looking in that direction?

A. Yes, sir.

Q. And you didn't see her?

A. No, sir.

Q. You knew that would be the track they would come on, didn't you?

A. I looked and the track was all clear so far as I could see. This freight train and this storehouse up there took away my view. I couldn't see no passenger train until I got right on that track.

Later on, this was his testimony:

Q. When you got up to the first rail, you could see beyond the corner of the caboose?

A. I could see her from 200 feet from where I undertook to make the crossing.

Q. You didn't look any more, did you?

A. Not until I got up on the other track.

Q. When you got hit?

A. Yes, sir.

Q. And that is when you looked again?

A. Yes, sir.

Plaintiff's testimony is contradictory. Whether the witness is a party to the action or not, the rule is that the jury and not the court must determine the effect of his contradictory testimony. In re Hess' Estate, 57 Minn. 282, 59 N. W. 193; J. I. Case T. M. Co. v. McKinnon, 82 Minn. 75, 84 N. W. 646; Price v. Washington Life Ins. Co. 92 Minn. 251, 99 N. W. 810; Grignon v. Minneapolis & St. L. R. Co. 130 Minn. 36, 153 N. W. 117.

Defendants contend that Marty v. Chicago, St. P. M. & O. Ry. Co. 38 Minn. 108, 35 N. W. 670, fits the facts in this case. In that case plaintiff started up immediately after a passing train had cleared the crossing and while it shut off his view of the other tracks, when a trifling delay would have enabled him to obtain a clear view of several hundred feet. In the instant case, plaintiff waited until the freight train was 200 feet beyond the crossing and until he had a view of the eastbound main for some distance west of the crossing.

The evidence makes this a border-line case upon the question of contributory negligence. In Schmidt v. Great Northern Ry. Co. 83 Minn. 105, 85 N. W. 935, it was said that this court approaches the defense of contributory negligence "with an inclination to sustain a verdict to the contrary if the matter is fairly open to discussion or doubt." The rule is that, if there is a fair doubt as to the

inference to be drawn from admitted facts, the question must be submitted to the jury. Lewis v. Chicago, St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180; Weiss v. Great Northern Ry. Co. 119 Minn. 355, 138 N. W. 423; Jenkins v. Minneapolis & St. L. R. Co. 124 Minn. 368, 145 N. W. 40.

There was evidence that the freight train was a long one, that, when plaintiff started to cross, it still interfered with his view of the eastbound track, and that there is a bend in the tracks about one-half mile west of the crossing. Naturally the noise of the truck and the freight train would make it difficult to hear the passenger train. This was a reason why plaintiff should have kept a particularly vigilant lookout. If he had, it is difficult to understand how he failed to see the approaching train. However, it may be that the long freight train intercepted his view. At least we cannot say that if he continued to look to the west, as he testified he did, he must have seen the train.

We are of the opinion that plaintiff should have been allowed to go to the jury on the question of contributory negligence, and hence the order denying a new trial must be reversed.

Order reversed.