PAYNE v. PAYNE.*

(Court of Appeals of District of Columbia. Submitted February 1, 1926. Decided March 1, 1926.)

No. 4391.

Witnesses ⬦178(1)—Testimony of administratrix, called by adverse party, concerning transactions with deceased, held not incompetent under statute (Code, § 1064).

Where one, seeking to charge administratrix, widow of deceased, with wrongfully omitting asets from inventories filed by her, himself called administratrix as witness, *held*, her testimony concerning transactions and conversations with deceased, brought out on direct and legitimate cross-examination, was not incompetent, under Code, § 1064.

Appeal from the Supreme Court of the District of Columbia.

Suit by Wallace Payne against Margaret Payne. From a decree confirming the report of the auditor and dismissing the petition, plaintiff appeals. Affirmed.

L. A. Bailey, of Washington, D. C., for appellant.

J. R. Shields, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The controversy presented by this appeal is between the appellant, who is the father and heir at law of John Robert Payne, deceased, and Margaret Payne, who is the widow and the administratrix of his estate.

The appellant filed a petition against the administratrix in the lower court, in probate, charging her with wrongfully and knowingly omitting certain assets of the decedent's estate from the several inventories filed by her in the course of administration. The administratrix answered, denying this charge. She also filed a petition, claiming that she had erroneously included in her petition for appointment certain items of personal property, which in fact were her own property and should not have been reported as assets

*Rehearing denied May 4, 1926.

of decedent's estate. She prayed accordingly for a correction thereof.

The court referred the issues to its auditor, who heard the matter upon the evidence, and found throughout in favor of the administratrix and against the petitioner. The report was approved and confirmed by the court, and the petition was dismissed. This appeal was then taken.

It appears that at the hearing before the auditor the petitioner, now the appellant, called the administratrix as a witness and examined her at length concerning the facts involved in the controversy. She was then cross-examined by her own counsel. The appellant now contends that it was error to permit her to testify to conversations and transactions with her husband during his lifetime. Appellant bases this contention upon section 1064, Code D. C., which provides that, if one of the original parties to a transaction or contract has since the date thereof died, the other party thereto shall not be allowed to testify as to any transaction with or declaration or admission of said deceased in any action between said other party and the administrator or other person legally representing the deceased, unless he be first called upon to testify in relation to said transaction or declaration or admission by the other party. This provision, however, does not sustain the appellant's contention, since the appellant himself first called the administratrix as a witness, and her testimony in relation to the transactions or conversations of the deceased was either in answer to appellant's questions or to questions asked her in a legitimate cross-examination in reference thereto. See 40 Cyc. 2344; Nay v. Curley, 21 N. E. 698, 113 N. Y. 575, 579; Hess' Estate, 59 N. W. 193, 57 Minn. 282; Eichhorn's Estate, 7 Pa. Co. Ct. R. 433.

The only other point raised by the appellant relates to the sufficiency of the evidence to sustain the finding reported by the auditor. We shall not discuss this in detail, for in our opinion the finding was fully sustained by the uncontradicted oral and written evidence in the case.

The decree of the lower court is affirmed, with costs.