JERRY E. INGALLS *vs.* ADAMS EXPRESS COMPANY.

July 18, 1890.

Negligence—Duty of Occupant to Licensee.—The owner, lessee, or occupant of premises is bound to use reasonable care in conducting his business, so as not to injure persons lawfully upon such premises.

Action to recover $2,000 for personal injuries, brought in the district court for Mower county, and tried before *Farmer*, J., who ordered a dismissal at the close of plaintiff's case. The defendant appeals from an order granting a new trial. It appeared from the evidence that the defendant's truck by which plaintiff was injured was, at the time of the injury, making a transfer of goods between trains on opposite sides of the railway platform at the station.

*H. H. Field* and *W. E. Todd*, for appellant.

*French & Wright* and *Kingsley & Shepherd*, for respondent.

VANDERBURGH, J. At the time of the injury complained of, the plaintiff was chief of police of the city of Austin, and was in the habit of visiting the railway station daily at or about the time of the arrival and departure of trains, when a considerable number of persons would naturally congregate there. We are not prepared to say

that his duty as a police officer did not justify his presence there. But, considering the public or *quasi* public nature of the depot platform on which he was standing when hurt, he must be treated as there by the license and permission of the railway company, and the decision of the questions involved in this appeal may be rested on the broad ground that the defendant was bound to take notice of the presence of persons standing on or passing over the platform as they were accustomed, and to transact its business with due care, under the existing circumstances; and the measure of its duty would be the exercise of reasonable care. The plaintiff claims that as he was standing near the edge of the platform, and out of the way of defendant in the proper and necessary operation of its business, and without fault on his part, he was injured by the negligence of the defendant's agents in running an overloaded truck so rapidly over the platform that they lost control of it, so that it ran unexpectedly out of its proper and ordinary course upon plaintiff, who was thereby knocked off the platform, and seriously injured by heavy packages of goods which slid off the truck and fell over upon him. It is altogether unnecessary to review the evidence at length here. It is sufficient to say that there was evidence sufficient to warrant the submission of the question of defendant's negligence to the jury. Nor is it necessary to notice the distinction drawn by the authorities, as respects mere licensees, between injuries resulting from misfeasance and non-feasance, or affirmative acts of negligence and the omission to keep premises in a safe condition; because here the plaintiff's cause of action is predicated upon alleged negligent acts of the defendant's agents in overloading and managing the truck referred to, and their duty to exercise reasonable care cannot be questioned. *Barry* v. *N. Y. Cent., etc., R. Co.*, 92 N. Y. 289; *Corrigan* v. *Union Sugar Refinery*, 98 Mass. 577. The case should have been submitted to the jury, and the order granting a new trial is accordingly affirmed.