Alexander McVeety *vs.* St. Paul, Minneapolis & Manitoba Railway Company.

January 20, 1891.

**Carrier — Personal Injury — Plaintiff not Entitled to Passenger's Rights.**—If a person knowingly induces the conductor of a railway train to violate a rule of the company, and to carry him without charge, he is guilty of a fraud on the company, and cannot claim the rights of a passenger.

Appeal by defendant from an order of the district court for Wright county, refusing a new trial after a verdict of $627 for plaintiff in an action for personal injuries.

*M. D. Grover* and *R. A. Wilkinson,* for appellant.

*J. J. Woolly, F. E. Latham,* and *Wendell & Pidgeon,* for respondent.

Collins, J. On the trial of this action, it was defendant's contention that, although plaintiff was on its train—a freight with a caboose attached—when the accident occured in which he claims to

have been injured, he was not a passenger to whom it owed any duty. Testimony was introduced tending to show that plaintiff had not paid his fare; had no ticket; that on boarding the train he had solicited the conductor, an acquaintance, to permit him to ride without paying his fare; and that the latter had consented. The defendant then offered to prove by the conductor that when soliciting that he be carried without paying his fare, the plaintiff knew that the conductor had no authority to allow it. To this offer the court sustained an objection, defendant duly excepting. This ruling was erroneous, and a new trial must be had. It is probable that there is authority for the statement that when the conductor of a train disobeys the rules of the company for which he is acting, in regard to the collection of fare from a traveller, or in respect to some other matters, such, for instance, as permitting him upon a forbidden part of the train, or upon a train not allowed to carry passengers, the traveller has all the rights of a passenger if he has no notice of the rule, express or implied, or of the conductor's disobedience. But if a person solicits and secures free transportation, or if he rides upon a part of the train from which passengers are excluded, or takes passage upon a train not allowed to carry passengers, knowing that his act is against the rules of the carrier and in permitting it the conductor is disobedient, he is guilty of a fraud, and not entitled to a passenger's rights. *Toledo, etc., Ry. Co.* v. *Brooks*, 81 Ill. 245; *Same* v. *Beggs*, 85 Ill. 80; *Robertson* v. *N. Y. & Erie R. Co.*, 22 Barb. 91; *Union Pacific Ry. Co.* v. *Nichols*, 8 Kan. 505; *Prince* v. *Internat., etc., Ry. Co.*, 64 Tex. 146; *Gulf, Col. & St. Fe Ry. Co.* v. *Campbell*, 76 Tex. 174, (13 S. W. Rep. 19.) The defendant had been allowed by the court to introduce testimony tending to establish its claim that the plaintiff had obtained the conductor's consent to his riding without payment of fare, and it should have been permitted to go further and prove, if it could, that plaintiff knew that, in securing this consent, he had induced the conductor to violate a rule of the railway company.

Order reversed.