## C. R. ERWIN v. DANIEL SHELL and Another.[1]

December 6, 1912.

Nos. 17,873—(78).

**Judgment notwithstanding verdict.**

A collision occurred on a dark night in a public highway between the

[1] Reported in 138 N. W. 691.

---

Note.—As to duty and liability of operator of automobile with respect to horses encountered on the highways, see note in 14 L.R.A.(N.S.) 251.

plaintiff's team, driven by him, and the automobile of the defendants, driven by one of them, whereby plaintiff was injured by the alleged negligence of the defendants in not observing the law of the road. A verdict was returned for him, and the trial court ordered judgment for the defendants notwithstanding the verdict. *Held:*

1. It is not alone sufficient to authorize a judgment notwithstanding the verdict that the trial court upon the evidence, in the exercise of a fair discretion, ought to have granted a new trial, for such a judgment can only be ordered when the evidence is as a matter of law practically conclusive against the verdict.

2. The evidence does not bring this case within the rule stated, and the court erred in ordering judgment for the defendants.

Action in the district court for Nobles county to recover $10,000 for personal injuries. The case was tried before Nelson, J., and a jury which returned a verdict in favor of plaintiff for $300. From the judgment entered pursuant to an order granting defendants' motion for judgment notwithstanding the verdict, plaintiff appealed. Reversed and remanded with direction to enter judgment for plaintiff upon the verdict.

*Charles H. Schweizer, Morris & Hartwell* and *H. M. Bierce,* for appellant.

*J. A. Town* and *E. J. Jones,* for respondents.

START, C. J.

On the evening of December 27, 1910, at 8:30 o'clock, the plaintiff was driving a team of horses hitched to a farm wagon with an empty hayrack along the public highway near Worthington, this state, when a collision occurred between the team and rig of the plaintiff and the defendants' automobile, driven by one of them, whereby the plaintiff sustained personal injuries. He brought this action in the district court of the county of Nobles to recover from the defendants damages for his injuries on the ground, as alleged, with others, in the complaint, that the defendants negligently failed to observe the law of the road and drive the automobile to the right of the middle of the

As to duty and liability of person operating automobile on public street or highway, see note in 4 L.R.A. (N.S.) 1130.

119 M.—32.

traveled part of the highway, so that the vehicles could pass without interference. The answer admitted the collision, denied any negligence on the part of the defendants, and alleged that the plaintiff's injuries resulted from his own negligence. The issues were submitted to a jury, and a verdict returned in favor of plaintiff in the sum of $300. The defendants then made a motion for judgment in their favor notwithstanding the verdict, on the ground that the court erred in denying their motion for a directed verdict. No alternative motion for a new trial was made. The trial court granted the motion for judgment absolute, and it was so entered, from which the plaintiff appealed.

The law here applicable is well settled, and to the effect that it is not alone sufficient to authorize a judgment notwithstanding the verdict that the trial court upon the evidence ought, in the exercise of a fair discretion, to have granted a new trial, for such a judgment can only be ordered when the evidence is as a matter of law practically conclusive against the verdict. Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617; Jones v. Minneapolis & St. L. R. Co. 91 Minn. 229, 234, 97 N. W. 893, 103 Am. St. 507; Peek v. Ostrom, 107 Minn. 488, 120 N. W. 1084.

The question, then, is whether the evidence brings this case within the rule stated. The evidence is undisputed that the plaintiff was, at the time of the collision, driving with a gentle team hitched to a wide-tired farm wagon along the highway from Worthington, and that the defendants were driving an automobile toward that city. The night was very dark and misty. The road at the place of collision was fifty-two feet wide between the fences. There was a gutter two feet wide and one foot deep along and next to the fence on plaintiff's side of the road. The traveled track, which was some fourteen feet from the right-hand fence going from Worthington, was worn smooth.

There were no obstructions in the road to prevent the defendants from driving the automobile to the right of the traveled track as the vehicles approached each other, but they did not do so.

There was evidence on the part of the plaintiff tending to show that he was driving four miles an hour, and, when about a mile from the point of collision, he saw a light, and as he got closer, and within

about a half mile, he saw two lights, and then concluded that an automobile was approaching. When he was within twelve or fifteen rods of it, he noticed that no effort was being made by the defendants to turn out. He thought they would do so, but they did not, so he pulled the right line of his team. The automobile, when it was within some two rods of the team, ran in toward the fence on the plaintiff's side of the road, and the collision followed which resulted in his injury. The next day after the accident there were found, at the place of the collision, marks of a wide-tired wagon in the gutter next to the fence.

There was evidence on the part of the defendants tending to show that the automobile immediately before the accident was not running to exceed eight miles an hour, and that by reason of the darkness the driver could not distinguish an object in front of the automobile more than two rods away, and that he had no notice of the approach of the plaintiff until they were within fifteen to twenty-five feet of each other, and the team was then coming directly toward the automobile. The driver testified that when he saw the team he immediately stopped the automobile in the middle of the traveled track, because he believed there was not time to turn out and avoid the collision, and that any attempt to do so would expose the occupants of the automobile to serious injury, as he believed the team was running away, seeing no driver with them, and, if they were, they would swerve around the automobile.

There was other evidence tending to show contributory negligence on the part of the plaintiff, and also that neither the wagon nor the automobile left the traveled track before the collision.

Upon a careful consideration of all the evidence, we have reached the conclusion that it does not bring the case within the rule we have stated. The credibility of the witnesses, the alleged negligence of the defendants, and the contributory negligence of the plaintiff were primarily questions of fact for the jury. Whether their verdict is so manifestly and palpably against the preponderance of the evidence as to entitle the defendants to a new trial, if a motion therefor had been made, is a question which is not presented by the record. We accord-

ingly hold that the evidence is not, as a matter of law, practically conclusive against the verdict.

It follows that the judgment appealed from must be reversed, and case remanded, with direction to enter judgment for the plaintiff upon the verdict. So ordered.

PHILIP E. BROWN, J., took no part.