## HARRY SCHULTZ v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

November 21, 1913.

Nos. 18,195—(50).

**Injury to passenger — evidence of negligence.**
　　1. Evidence in an action for injuries received by plaintiff while a passenger in the caboose of defendant's local freight train considered, and *held* sufficient to sustain a finding that the train movement preceding the accident was negligent, and, aside from the question of contributory negligence, caused the injury complained of.

**Riding in cupola — violation of rule.**
　　2. Plaintiff did not lose his status as a passenger by riding in the cupola, where he was at the time of the accident, defendant's rule against occupancy of the cupola by passengers having been habitually disregarded by it.

**Assumption of risk — contributory negligence.**
　　3. Plaintiff *held* not, as a matter of law, to have assumed the risk of the injury received by him or to have been guilty of contributory negligence.

Action in the district court for Waseca county to recover $2,500 for personal injury while a passenger on one of defendant's trains. The complaint alleged, among other matters, that by reason of defendant's negligence, plaintiff was thrown from his seat in the caboose with great violence against the window thereof, breaking the glass and severely injuring his hand. The answer alleged that the accident to plaintiff was due to his own negligence and from his failure to exercise due and ordinary care for his safety. The case

1 Reported in 143 N. W. 1131.

was tried before Childress, J., who, at the close of plaintiff's case, denied defendant's motion to dismiss the action, and a jury which returned a verdict of $300 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.

*Moonan & Moonan,* for respondent.

PHILIP E. BROWN, J.

Appeal by defendant from a judgment rendered in an action to recover damages for personal injuries, after denial of its motion for judgment notwithstanding the verdict.

On the day of the accident plaintiff entered one of defendant's local freight trains as a passenger. Its equipment for such traffic consisted of a caboose with ordinary cupola in its rear but containing, at all times involved, ample seating capacity in its fore part upon seats provided for such purpose, some of which were occupied by other passengers, including ladies. Plaintiff paid the fare to the conductor and for awhile sat in that part of the caboose regularly provided for passengers as stated, but subsequently, desiring to smoke, seated himself in the cupola. Shortly thereafter, while a car was being spotted at the unloading platform of a station, he received the injury complained of, which, as claimed by him, resulted from a sudden, violent, and unusual stop which was sufficient to, and did, throw him out of the seat upon which he was sitting, some four to six feet, across the cupola, so that his hand struck the glass in its window with sufficient force to break it, cutting his wrist.

1. Assuming for the present that plaintiff was entitled to the rights of a passenger when injured, was there sufficient evidence to take the case to the jury on the question of defendant's negligence? It appeared that the train, consisting of 35 or 40 cars, was equipped with air brakes, except that some of the cars may have been disconnected from the air; that after the first car had been spotted and unloaded at the platform, the train moved forward for the purpose of spotting a second car; and, as claimed by plaintiff, after a slow start

and a short, even, forward movement, an unusually hard and sudden stop occurred, different from one resulting from the ordinary running up of the slack or handling of the train, and sufficiently so to throw him from the seat. Defendant's employees in charge of the train testified that they had no recollection of any unusual stop, but that if plaintiff was thrown as he claimed, such could not have been caused by the ordinary train movement.

Mixed trains cannot be operated with the same degree of comfort and safety to passengers as those used exclusively for passenger traffic, and the bumping of cars and jolts ordinarily incident to the operation of the former, in coupling cars, slacking or taking out the slack, is not negligence, though occasioning injury. Per contra, carriers of passengers on such trains are bound to exercise the highest degree of care consistent with the practical and efficient use of the train for its purpose of transporting both freight and passengers, regard being had to the situation of the latter, known or which ought to be known to the employees in charge, and the former assumes only such risks and inconveniences as usually attend the operation of such trains with all reasonable skill and caution as a freight train. Failure to perform such duty constitutes negligence. Campbell v. Duluth & Northeastern R. Co. 107 Minn. 358, 361, 120 N. W. 375, 22 L.R.A.(N.S.) 190; Simonds v. Minneapolis & St. L. R. Co. 87 Minn. 408, 92 N. W. 409; Kloppenburg v. Minneapolis, St. P. & S. S. M. Ry. Co. supra, page 173, 143 N. W. 222; 6 Cyc. 624. Applying these rules, with due consideration of the evidence concerning the physical facts, and without indulging any inference of negligence from the happening of the accident, we experience no difficulty in reaching the conclusion that the evidence, if believed, was sufficient to sustain a finding that the train movement preceding the accident was extraordinary, unusual, and negligent, and, aside from the question of contributory negligence, caused plaintiff's injury.

2. Did plaintiff lose his status as a passenger by occupying the cupola? He was an experienced railroad man, had worked on like trains as both brakeman and conductor, and knew that the rules of the company prohibited passengers from riding therein. The car-

rier and the passenger owe reciprocal duties. Butler v. St. Paul & Duluth R. Co. 59 Minn. 135, 60 N. W. 1090. The company has the right to make reasonable rules and regulations for the conduct of its business, and the duty rests upon the passenger to obey. The former's undertaking is conditioned that the latter will put himself under its direction in the particular places provided for his accommodation, and, in the absence of circumstances relaxing the rule, recovery for an injury occurring on a forbidden part of the train may be precluded on the ground that the passenger's knowing and wilful presence there forfeited, for the time, his status as such. See McVeety v. St. Paul, M. & M. Ry. Co. 45 Minn. 269, 47 N. W. 809, 11 L.R.A. 174, 22 Am. St. 728; Janny v. Great Northern Ry. Co. 63 Minn. 380, 382, 65 N. W. 450. But the carrier cannot escape liability as such by invoking a rule not enforced and which it, through its employees in charge, has habitually disregarded by permitting passengers to be and ride in the portion of the train prohibited to them thereby. Jones v. Chicago, St. P. M. & O. Ry. Co. 43 Minn. 279, 45 N. W. 444; Simonds v. Minneapolis & St. Louis R. Co. supra; McNee v. Coburn, 170 Mass. 283, 49 N. E. 437; Selden-Breck Const. Co. v. Linnett (Okla.) 134 Pac. 956. There was testimony, both by plaintiff and others, sufficient to justify a finding that defendant's rule against riding in the cupola was habitually disregarded within the principle last stated, and plaintiff must therefore be deemed to have retained his status.

3. We cannot say as a matter of law that plaintiff, by riding in the cupola, assumed the risk of the injury he received, or that contributory negligence on his part was conclusively established. There is no evidence tending to show increased danger to a passenger occupying the cupola, and the record contains affirmative evidence to the contrary.

Judgment affirmed.