# MARGERY McCOLL v. HANNAH CAMERON.[1]

June 19, 1914.

Nos. 18,685—(111).

**Question for jury.**

1. The question whether the plaintiff's intestate was rightfully in the defendant's building when a fire occurred therein which caused her death, so that the law afforded her the same protection against the negligence of the defendant that the latter's tenants have, was properly for the jury.

**Same — negligence of defendant.**

2. Although the fire was not occasioned by defendant's negligence and no responsibility could attach because of the existence of a chute, leading from the top to the bottom of the four story flat building, into which chute the tenants were permitted to deposit waste paper or dry rubbish, the evidence made a proper question for the jury whether plaintiff, who by her janitor undertook to keep this chute clean, negligently suffered it to become so filled and congested with inflammable material that a fire, if it started on the lowest floor, by reason of this congested condition of the chute, spread with such rapidity to the top floor that plaintiff's intestate, who occupied a room therein, was unable to escape, and whether, had the chute not been in that condition, she would have had time to save herself.

**Verdict sustained by evidence.**

3. The evidence sustains the verdict that a congested condition of the chute was due to defendant's negligence, and that it was the proximate cause of the death of plaintiff's intestate.

Action in the district court for Ramsey county by the special administratrix of the estate of Jeanette Wilfond, deceased, to recover $5,000 for the death of her intestate from injuries received at a fire in defendant's building. The case was tried before Dickson, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $930 in favor of plaintiff. From an order

[1] Reported in 148 N. W. 108.

denying defendant's motion for judgment in her favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Morphy, Ewing, Bradford & Cummins* and *C. D. O'Brien,* for appellant.

*Wickersham & Churchill,* for respondent.

HOLT, J.

On, and for some time prior to, December 30, 1910, defendant was the owner of a brick flat building fronting on East Eleventh street in the city of St. Paul. As built the building was arranged for eight families, two on each floor of the four floors. The lowest floor was partly below the surface. A brick wall divided the building from front to rear and from bottom to top into two equal parts, with this modification, that when this dividing wall came to a certain distance from the front it divided, leaving room between the branches for hall and stairways, then came together again and ran to the rear wall. In the opening, thus formed in the center of the building, were placed the front and back stairways, and between the two stairways a glass and wooden partition ran from the lowest to the topmost floor. Adjacent to this partition was a board-chute, running from the top to the basement, about two and a half feet square. This chute had small square doors accessible on each floor. The purpose and use of this chute was to receive waste papers and dry rubbish which the tenants desired to get rid of, or send down to the janitor for removal. About two o'clock on the morning of December 30, 1910, fire broke out in this building and spread so rapidly that plaintiff's intestate, who was sleeping in a room in the easterly part of the top floor, lost her life. This action is to recover damages for the next of kin of plaintiff's intestate, whose death was caused by the alleged negligence of the defendant. A recovery was had, and this appeal is from an order denying defendant's alternative motion for judgment notwithstanding the verdict or a new trial.

The defendant is charged with many and varied acts of negligence which caused the death of plaintiff's intestate, Jeanette Wilfond, but the court permitted the jury to consider one only, namely,

whether the garbage chute described was negligently permitted to become dangerous because of being filled with inflammable material. The two propositions decisive of this appeal appear to be: First, whether defendant owed any duty or care toward Jeanette Wilfond, and, second, whether the evidence sustains the verdict that defendant's negligence in respect to the condition of the chute was the proximate cause of Miss Wilfond's death.

The east side of the top floor of this flat, consisting of eight rooms, was leased by defendant to one Mrs. Moore, who rented out the different rooms to so-called roomers—persons, without families, who worked and boarded away from the flat building. It is contended by the defendant that her written lease with Mrs. Moore prohibited subletting, except upon written consent of defendant, that no such consent had been obtained to the renting by Jeanette Wilfond and hence she was a trespasser to whom defendant owed no duty or care. The court instructed the jury that, unless the preponderance of evidence showed that defendant "with full knowledge of the fact consented to and acquiesced in this custom and practice of Mrs. Moore to sublet her rooms in her flat to tenants," plaintiff had no standing in court to urge any claim whatever against defendant for the death of her intestate. The evidence abundantly sustains the verdict on the proposition that Miss Wilfond was rightfully in the building. We do not think defendant was entitled to the instruction that plaintiff was required to prove that Miss Wilfond had a room in the building with the knowledge and consent of defendant. If the practice and custom of her tenants generally to rent out rooms was known to and acquiesced in by defendant, it was a waiver of the clause against subletting to some particular person, especially in the absence of any claim that the particular person was for some reason objectionable. It seems to us that defendant's duty with respect to fire danger from the condition of this chute is not confined to that of tenants in the building, nor need it necessarily be traced to contract obligations. The requested instruction applying a more restricted rule to the right of plaintiff's intestate to be protected against defendant's negligence than the one given to the jury was properly refused.

The jury were told that no negligence could be based upon the construction of the chute, nor upon its use, because that was obvious and known to the occupants of the building, nor could defendant be charged with any fault in respect to the starting of the fire. The evidence justifies these instructions. The court submitted to the jury whether the chute was congested with inflammable materials, if so, was this condition the result of defendant's failure to use ordinary care, and did it cause the death of Jeanette Wilfond? With all due regard for the plausible arguments of appellant's counsel, we are persuaded that the evidence warrants an affirmative answer to each proposition. The defendant had assumed the charge of keeping the chute clean. She employed a janitor for that and other purposes about the building. His negligence in the matter she must shoulder. Notwithstanding his testimony that he cleaned the chute every day and oftener, other witnesses testify to the contrary, one witness stating that a few hours before the fire, when he had occasion to put away some wrapping paper, there was then rubbish at the door of the chute on the top floor. The rule invoked that defendant would not be liable for negligence, until she had notice of the congested or dangerous condition of the chute, is not applicable here. Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289. She personally did not attend to the chute, but left it with the janitor. If he was negligent in allowing the congestion with inflammable rubbish, she is responsible. The controlling question then is whether the janitor, in the exercise of ordinary care, should have known of and removed the congestion before the fire. His testimony indicates the necessity of daily attention to the chute. That of plaintiff tends to show that it was not given and could not have been given for some time before the fire.

Was there evidence that the congested chute caused Jeanette Wilfond's death? This is undoubtedly the close question. Defendant contends that the fire started near the top of the building and on the easterly side, because that part sustained most damage. It should, however, be remembered that here was an open well reaching from the bottom to the top of the building. In such a place if the fire starts at the bottom, and combustible materials extend to the

top, the draft created carries it upwards so exceedingly fast and with such power as to almost subdue the fire below. While it may be said that the deceased assumed the risk of a rapid spread of fire to her room near this well, because of the wooden partition, stairways and chute therein, yet she should not be held to have assumed the risk arising from the additional rapidity with which the fire could reach her by reason of the chute being filled with inflammable material. If the rapidity was thereby so accelerated that her escape was cut off, when otherwise she would have been saved, then the congested condition of the chute may be said to have caused her death. We are inclined to the view that the jury could properly find the proximate cause of the loss of life in the defendant's negligence with respect to inflammable rubbish in the chute. A man whose room adjoined Miss Wilfond's noticed the odor of smoke, got up, opened the hall door, and looking into this open well saw a little smoke coming out of the chute. He shut the door and lit the gas in his room to gather up some of his valuables. In a few moments he heard a crash and when he then again opened the hall door a sheet of flames came into the room and he barely escaped with his life by going into another room and jumping to an outside balcony in front. Competent expert testimony was received, showing that the fire started at the bottom of the chute. In actions like the present, where the ultimate finding of proximate cause may be predicated upon several facts and inferences from varied circumstances, it is sufficient if the evidence adduced furnishes a reasonable basis for the conclusion. Orth v. St. Paul, M. & M. Ry. Co. 47 Minn. 384, 50 N. W. 363; Koslowski v. Thayer, 66 Minn. 150, 68 N. W. 973; Moores v. Northern Pacific Ry. Co. 108 Minn. 100, 121 N. W. 392.

We find no error in the record and are of opinion that the verdict is fairly sustained by the evidence.

Order affirmed.