# W. J. DORAN v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

January 15, 1915.

Nos. 18,906—(144).

**Carrier of passengers — negligence of servant — verdict.**

1. Where a suit to recover for personal injuries is brought by a passenger against a railway company and one of its employees, and a verdict is rendered against the company but in favor of the employee, such verdict determines that there was no negligence on the part of the employee which can be imputed to the company; but where the company is charged both with the negligence charged against the employee and with other negligence, such verdict also determines that the company was guilty of such other negligence.

**Passengers on freight train — duty of carrier.**

2. A railway company which receives passengers for transportation on freight trains must afford them a reasonable opportunity to enter and leave such trains in safety, and owes them the duty to guard against dangers which reasonable prudence could foresee and avoid.

**Refusal to instruct.**

3. The court properly declined to give instructions which were either inaccurate or not applicable to the facts of the present case.

**Verdict — admission of evidence.**

4. It is *held* that the evidence is sufficient to sustain the verdict and that there were no prejudicial errors in the admission thereof.

Action in the district court for Freeborn county to recover $20,000 for injuries sustained while a passenger on defendant's train. The case was tried before Kingsley, J., and a jury which returned a verdict against defendant railway company for $7,500. From an order

---

[1] Reported in 150 N. W. 800.

Note.—As to the effect of a verdict for a servant in an action against master and servant for latter's negligence or misfeasance, see notes in 9 L.R.A.(N.S.) 880 and 30 L.R.A.(N.S.) 404.

Upon the risks assumed by passenger on freight train, see note in 19 L.R.A. 310.
128 M.—13.

denying its motion for judgment notwithstanding the verdict or for a new trial, defendant railway company appealed. Affirmed.

*George W. Peterson, Norman E. Peterson* and *James B. Sheean,* for appellant.

*Dunn & Carlson,* for respondent.

TAYLOR, C.

Plaintiff purchased a ticket for the purpose of taking passage from Madelia to Lake Crystal on a freight train of defendant railway company, and was informed by the ticket agent that the caboose probably would not stop at the station, and that he had better go down in the yard and get on board. The caboose with a bad order car coupled on behind was at the rear of the train. Plaintiff walked along the track to the caboose and attempted to enter the front door but found it locked; he went to the rear door but found that also locked; he placed his grip and coat upon the rear platform and then stepped down upon the ground and waited. The train crew had detached the engine and several cars from the remainder of the train and were engaged in switching. After plaintiff had waited for about half an hour, the cars attached to the engine were backed down and coupled to the remainder of the train, and a brakeman came down to the caboose and entering it at the front door passed through and unlocked the rear door from the inside. Plaintiff and the brakeman differ as to what followed.

Plaintiff testified that he heard the brakeman unlocking the door, and started up the steps to the platform, but, meeting the brakeman coming out with a flag in his hand and apparently in a hurry, stepped back upon the ground to allow him to pass; that he, plaintiff, inquired whether they would pull out soon, and was answered "yes, you better get on;" that he started up the steps and, while in the act of stepping upon the platform and as he was reaching for his grip and coat, the train, without warning, suddenly started with a jerk which threw him upon the ground in such a manner that his left arm was run over and cut off by the car attached to the rear of the caboose.

The brakeman testified that he opened the rear door and found plaintiff standing on the platform; that in response to an inquiry he

told plaintiff they were going as quick as they could couple up; that he went down and connected the air hose between the caboose and the bad-order car; that he went back into the caboose and got a flag and a torpedo; that when he came out this time plaintiff was at the edge of the platform in front of him and stepped down upon the ground out of his way; and that he started back to flag an incoming passenger train, but hearing an outcry looked back and saw plaintiff lying on the ground with his arm under the wheels of the bad-order car. In short the brakeman insists that he entered and left the caboose twice, and that plaintiff was upon the platform and remained there until he left it the second time; while plaintiff insists that the brakeman entered and left the caboose only once, and that he, plaintiff, was not upon the platform after the arrival of the brakeman and never at any time had an opportunity to enter the caboose.

Plaintiff, alleging that the company, the engineer, and the brakeman were guilty of negligence, brought this suit against them for damages. At the trial the action was dismissed as to the brakeman, but was submitted to the jury as to the company and the engineer. The jury returned a verdict against the company but in favor of the engineer. The company made the usual alternative motion for judgment *non obstante,* or for a new trial, and appealed from the order denying its motion.

The company contends that the verdict in favor of the engineer also exonerated the company. It is true that the finding that the engineer had not been negligent relieves the company from the charge of negligence insofar as such charge is based upon alleged wrongful or improper acts on his part, but the negligence charged against the company is not limited to the negligence of the engineer. That the train was negligently started, without warning, while plaintiff was in the act of boarding it, and before he had been afforded a reasonable opportunity to enter the caboose, is the gravamen of the charge against the company. The train was under the control of the conductor; the signal to start was given by the conductor; and it was the duty of the engineer to obey the order given him. The question as to whether he was negligent in the manner in which he executed the order was duly submitted to the jury and decided in his favor. This

determined that there was no negligence on the part of the engineer which could be imputed to the company, but did not determine that the company was free from negligence in causing the train to be started at the time and under the circumstances shown by the evi-- dence. The question as to whether the company negligently caused the train to be started, while plaintiff was in the act of boarding it, was submitted to the jury, who found against the company; and both the complaint and the evidence are sufficient to sustain the verdict, notwithstanding the fact that no negligence can be imputed to the company on account of the manner in which the engineer executed the order given him. Webster v. Chicago, St. P. M. & O. Ry. Co. 119 Minn. 72, 137 N. W. 168.

The company also contends that the injury to plaintiff resulted from a danger incident to the operation of freight trains, and that plaintiff, by seeking passage upon a freight train, assumed the risk of such injury; also that plaintiff was guilty of contributory negligence in attempting to board the train at the time and in the manner stated.

While passengers upon such trains assume the discomforts and risks necessarily attending that mode of conveyance, the carrier is required to exercise as high a degree of care for their safety as is consistent with the proper operation of the train. Schultz v. Minneapolis & St. L. R. Co. 123 Minn. 405, 143 N. W. 1131. A railway company which receives passengers for transportation on freight trains must provide a reasonable and sufficient opportunity for them to enter and leave such trains in safety. The passengers do not go on board at their peril, but the carrier owes them the duty to guard against all dangers which reasonable prudence could foresee and avoid.

The company argues, in effect, that it was under no obligation to look out for the safety of plaintiff, at the time of the accident, for the reason that the switching operations had not been completed, that the movement of the train was merely for the purpose of getting it out of the way of an incoming passenger train, and that the train was not ready to start out on its trip. Such appears to have been the fact, but this fact was known only to the conductor; it was not known either to plaintiff or to the brakeman, both of whom supposed

that the train was about to "pull out." Under the circumstances disclosed by the evidence, the questions involved were for the jury, and no persuasive reason appears for disturbing their verdict.

The failure of the court to give two instructions requested by the company is urged as error. The first of these was to the effect that a passenger, who "voluntarily and unnecessarily takes a position upon the platform of the car while the train is in motion," is guilty of negligence. Omitting to give this request was not error, for the reason that it refers to a situation not shown to exist in the present case. The second reads as follows:

"If you find that the plaintiff did not go inside of the caboose car when there was opportunity so to do, but instead went down on the ground and was injured in attempting to get back onto the car, this would be contributory negligence on his part and would bar recovery."

This apparently assumes that plaintiff had an opportunity to enter the car, which he denied. It states, as a matter of law, that he could not recover, if he had such opportunity, and stepped down upon the ground instead of availing himself of it. The only basis for this request is the testimony of the brakeman that plaintiff was upon the platform when the car was unlocked, and remained thereon until the brakeman came out of the car the second time, and then stepped down upon the ground to permit the brakeman to pass. Assuming that such were the facts, we think the court could not say, as a matter of law, that they barred plaintiff from recovery. They tended to prove negligence but were not conclusive evidence thereof. The jury were entitled to consider them in connection with all the other facts and circumstances, and to determine from the whole case whether plaintiff was guilty of contributory negligence. What would constitute contributory negligence on his part was not clearly defined in the general charge, and, if a request properly defining his duties under the circumstances, had been presented, it should have been given; but there was no error in refusing the request in question.

The company also complain that plaintiff was permitted to testify that he was married. He was asked if he was married and answered "yes." The inquiry proceeded no further. Such inquiries are usually objectionable as possibly having an effect upon the jury in fixing

the amount of damages, but, in the present case, other testimony, particularly that of his wife, disclosed that he was married, and his testimony to the same effect was clearly without prejudice.   Bahr v. Northern Pacific Ry. Co. 101 Minn. 314, 112 N. W. 267.

The order appealed from is affirmed.