## ALMA BLOCK v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

January 21, 1916.

Nos. 19,561—(188).

**Injury to passenger on freight train.**

　　1. The care required of a railroad company carrying passengers on a freight train is the highest degree of care consistent with the practical operation of such a train. Plaintiff, a passenger on a freight train, was injured while on the front platform of a caboose by catching her toe in the coupling as the train started backward as an incident to switching at a station. The train started with no unusual suddenness and at no unusual time. The evidence shows no negligence on the part of defendant. There was no obligation to give notice to passengers of movements of the train during switching operations at a station. The evidence is insufficient to establish a custom to give such warning.

**Contributory negligence.**

　　2. Plaintiff, in sitting or standing with her toe upon or about the bumpers or coupling between cars, was herself negligent as a matter of law.

　　Action in the district court for Dakota county to recover $3,000 for personal injury received while a passenger upon one of defendant's freight trains. The answer alleged that plaintiff "stuck one of her feet between the automatic couplers of two of the cars of said train as they were in the act of being coupled together," and that the injury was the result of her want of due care. The case was tried before Converse, J., and a jury which returned a verdict for $2,850. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and judgment ordered for defendant.

　　*F. W. Root* and *Nelson J. Wilcox,* for appellant.

　　*Belden & Safford,* for respondent.

1 Reported in 155 N. W. 1072.

HALLAM, J.

At about 7 a. m. on June 6, 1914, plaintiff took passage on one of defendant's freight trains running from New Lisbon to Wausau, in Wisconsin. The train consisted of nine cars, one an ordinary caboose. At way stations it stopped and the usual switching operations were performed. A little after noon the train stopped at the station of Rudolph. It was ahead of its time, and after switching operations were finished, it stood for some minutes near the station. After a few minutes the trainmen discovered that the train was blocking a crossing, and it was backed up a short distance. At this point of time plaintiff was standing on the front platform of the caboose, and about opposite the coupling, sitting upon, or leaning her back against, the railing. In some manner her toes were caught in the coupling and injured. She recovered a verdict and defendant appeals.

1. We discover no negligence on the part of defendant. The train started with no unusual suddenness. There was nothing unusual in its movement at that time. The claim is that plaintiff should have been warned that the train was about to move. We cannot so hold. When a passenger takes passage upon a freight train he assumes the risks reasonably and necessarily incident to carriage by that method of travel. The law requires of the carrier under such circumstances not the same security as is furnished upon a passenger train, but such security as is consistent with the means of conveyance employed. The carrier must still exercise the highest degree of care, but it is the highest degree of care consistent with the practical operation of such a train. Oviatt v. Dakota Central Ry. Co. 43 Minn. 300, 303, 45 N. W. 436; Schultz v. Minneapolis & St. L. R. Co. 123 Minn. 405, 407, 143 N. W. 1131; Doran v. Chicago, St. P., M. & O. Ry. Co. 128 Minn. 193, 196, 150 N. W. 800. It is matter of common knowledge that freight trains in their switching operations at stations stop and start frequently, and that they must necessarily do so. Such trains are usually long, and the men in charge cannot uniformly be stationed either in or near the caboose while switching operations are going on. Passengers are commonly, as in this case, some in the car, some on the front platform, some on the back platform, and some on the ground. The carrier could not easily warn passengers every time the train is to stop and start in doing such work, and failure to do

so is not negligence. St. Louis, I. M. & S. Ry. Co. v. Richardson, 87 Ark. 101, 104, 105, 112 S. W. 212. See also Moore v. Saginaw, T. & H. R. Co. 115 Mich. 103, 106, 72 N. W. 1112.

Claim is made of a custom on this train on this day to warn passengers before moving the train after it had once come to a stop. We have read the evidence with care, and we are clear that no such contention can be sustained. The evidence on behalf of plaintiff is that the trainmen sometimes notified the passengers when the train was about to leave a station. The train was not about to leave the station. There is also evidence that sometimes during switching operations, if the rear brakeman was near the rear of the train when the train was about to move, he would notify passengers of that fact; but there is no evidence from which it could be said that there had arisen any custom, or that these incidents had occurred with such frequency that passengers could reasonably expect to receive notice of all switching movements of the train.

2. If any doubt exists as to the negligence of defendant, we think none can exist as to the negligence of plaintiff. Plaintiff was clearly guilty of contributory negligence. One of her own witnesses testified that she sat upon the railing of the front platform of the caboose with her toes resting upon the bumpers. Plaintiff was a young woman 22 years old. Her occupation was that of tutor or governess of young children. She was evidently intelligent and alert and had traveled a good deal on passenger trains. The coupling between railroad cars is a place of obvious danger. It is evident that plaintiff's toes were in such position that the slightest backward movement of the train would cause her injury. She was engaged in conversation with other young people, and her act was innocently thoughtless, but it was none the less negligent. Even if she had justifiable ground for believing that the train would not be moved without warning to her, this fact could not wholly excuse her from the exercise of care. She could not even then omit all precaution calculated to insure her own safety. Pogue v. Great Northern Ry. Co. 127 Minn. 79, 148 N. W. 889.

For the reasons given, the verdict cannot stand and judgment must be awarded for defendant.

So ordered.