### R. EMMA POWELL v. GREAT LAKES TRANSIT CORPORATION.[1]

May 5, 1922.

No. 22,689.

Care due to person visiting defendant's vessel.

    1. The plaintiff went upon a boat of the defendant, lying at its dock at Duluth, an hour or more before its departure, to exchange farewells with friends who were leaving. She did not accompany them to the boat. She performed no services for them. They were not her

[1]Reported in 188 N. W. 61.

relatives nor members of her household nor her guests. The defendant permitted people, who were not passengers, to be on its boat while at the dock to receive passengers, and at a proper time before the boat started warned visitors ashore. The trial court instructed the jury that the plaintiff was an invitee to whom the defendant owed the duty of ordinary care. It is *held* that this instruction was correct.

**Question of negligence for jury.**

2. Whether the defendant was guilty of negligence in its care of baggage on which the plaintiff tripped and fell and was injured was a question of fact for the jury.

Action in the district court for St. Louis county to recover $5,382 for personal injuries and expenses incurred. The case was tried before Cant, J., who when plaintiff rested and at the close of the evidence denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell* and *Mayer, Meyer, Austrian & Platt,* for appellant.

*Adams & Jones,* for respondent.

DIBELL, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

The injury was sustained while the plaintiff was on a boat of the defendant, lying at its dock in Duluth, to bid friends goodby. The questions are:

(1) Whether the plaintiff was an invitee, as charged by the court, to whom the defendant owed the duty of ordinary care.

(2) Whether the defendant was negligent.

1. The plaintiff was a passenger on the defendant's steamer Tionesta from Buffalo and reached Duluth Saturday morning, August 2, 1919. On the voyage she became acquainted and friendly with

two ladies who shared a stateroom with her. The boat started on its return voyage the following Sunday evening about 9 p. m. The plaintiff intended remaining in Duluth some days. Her friends were to go on the return voyage. It was understood that the plaintiff would be at the boat on Sunday evening to exchange farewells. She went to the boat pursuant to the understanding and tripped on some baggage lying in front of the purser's office and was injured.

The plaintiff had no business with the defendant or its passengers that called her to the boat. She did not accompany her friends. She was not there to render them assistance in starting on their journey. There was no relation of hostess and guests between them. They were not her relatives nor members of her household. The meeting was for the usual exchange of friendly farewells, nothing more.

The boat was at its dock to receive passengers some two hours before its departure. Others than passengers were permitted on board. The company recognized that friends of passengers might be there. A short time before leaving someone in authority called out "all visitors ashore."

We have no case in this state of controlling authority upon the question whether the plaintiff was an invitee. In Snyder v. Minnetonka & W. B. Nav. Co. 151 Minn. 36, 185 N. W. 959, it was held that the plaintiff, who brought his wife in a launch to a dock maintained by the defendant on Lake Minnetonka, to take passage on a boat of the defendant, was an invitee while he stood in his launch with his hand resting on the timbers of the dock after he had seen her safely on the dock. In Street v. Chicago, M. & St. P. Ry. Co. 124 Minn. 517, 145 N. W. 746, it was held that the plaintiff, who assisted a lady passenger, his sister, on board her train, and was injured while getting off, was an invitee. In each of these cases the injured person was performing a service for the passenger; and the authorities in such cases with substantial unanimity hold such a person an invitee. See notes L. R. A. 1918F, 317; 46 L. R. A. (N. S.) 357; 20 L. R. A. (N. S.) 833; 3 L. R. A. (N. S.) 432. In Klugherz v. Chicago, M. & St. P. Ry. Co. 90 Minn. 17, 95 N. W. 586, 101 Am. St. 384, it was held that the plaintiff, who came to the defendant's

depot to see on a matter of business one whom he expected to board a train there, and who was injured when on the premises because of the breaking of a stay rope on a gravel train which was unloading, might be found by the jury to be an invitee. And see Atchison R. Co. v. Cogswell, 23 Okl. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837. None of these cases decide the one before us.

All know that friends commonly go to depots and docks to bid farewell to departing friends. They may or may not render them assistance in starting on their journey. The carrier does not object; it expects their presence. The situation is one to which the law should apply a practical rule fixing the measure of the carrier's duty. It should not be held that a visitor, if he goes aboard in the performance of some personal service to the passenger is an invitee to whom the duty of ordinary care is owing, but that if he goes aboard to give and receive friendly leave-takings, as people commonly do, and as the carrier permits and expects friends of its passengers may do, he is entitled only to the care due a licensee. In each case ordinary care should be the measure of the carrier's duty. We are content to hold that the plaintiff was an invitee. This view finds support in Banderob v. Wisconsin Cent. R. Co. 133 Wis. 249, 113 N. W. 738. It is opposed to the views expressed in Galveston Co. v. Matsdorf, 102 Tex. 42, 112 S. W. 1036, 20 L. R. A. (N. S.) 833, 132 Am. St. 849. The case we have is not one where a number of people are attracted to a boat out of curiosity or are merely idling. The plaintiff was not a loiterer. She was on the boat for a specific purpose.

2. The evidence is in dispute as to the baggage. It is claimed by the plaintiff that it was lying about uncared for so that one was in danger of tripping upon it. It is claimed by the defendant that there was no more loose baggage than was incident to the coming of the passengers on board, and doing their business at the purser's office. Nothing is to be gained by a discussion of the testimony. It was such as to justify a finding that there was negligence or a finding that there was not negligence. The finding of the jury puts the issue at rest.

Order affirmed.