JAMES H. HUNTER v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY AND ANOTHER.[1]

No. 27,720.

May 9, 1930.

[1]Reported in 230 N. W. 793, 231 N. W. 920.

306

William T. Faricy, Warren Newcome and Alfred E. Rietz, for appellants.

Barton & Mogren, for respondent.

PER CURIAM.

Plaintiff purchased a ticket for passage on one of defendant's freight trains from Vernon Center to Blue Earth in this state. The train was what is known as an accommodation or mixed train—a freight train carrying passengers in the caboose between local points. Plaintiff was a former employe of the defendant, an experienced railway brakeman and conductor. He was familiar with the operation of this train over the route he intended to travel. He

well knew that under the rules of the company and under the state law the conductor had no right to permit him to ride on the train without payment of fare. He was acquainted with the conductor of the train. Plaintiff entered the caboose at Vernon Center and delivered his ticket to the conductor, who informed him in substance that he did not need any ticket and could ride on the train without a ticket or payment of any fare. The conductor then took the ticket back to the ticket agent at the station, surrendered it, and received from the agent repayment of the amount paid therefor. He then returned to the caboose and repaid the money to plaintiff. The train thereafter proceeded, and plaintiff continued to ride thereon without payment of fare. We conclude that when plaintiff accepted the repayment of his fare from the conductor, under the circumstances shown and with full knowledge that the conductor had no authority so to do and that he had no right to ride on the train without payment of fare, he ceased to be a passenger thereon as a matter of law. McVeety v. St. P. M. & M. Ry. Co. 45 Minn. 268, 47 N. W. 809, 11 L. R. A. 174, 22 A. S. R. 728; Tuder v. Oregon Short Line R. Co. 135 Minn. 294, 160 N. W. 785, L. R. A. 1917C, 86; Fraser v. G. N. Ry. Co. 166 Minn. 308, 207 N. W. 644; Clark v. Colorado & N. W. R. Co. (C. C. A.) 165 F. 408, 19 L.R.A. (N.S.) 988.

■ Plaintiff was not a trespasser. Under the circumstances shown he was a licensee at least and probably an invitee. Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N. W. 698; Ingalls v. Adams Exp. Co. 44 Minn. 128, 46 N. W. 325; Galloway v. C. M. & St. P. Ry. Co. 56 Minn. 346, 57 N. W. 1058, 23 L. R. A. 442, 45 A. S. R. 468; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Fredenburg v. Baer, 89 Minn. 241, 94 N. W. 683; Klugherz v. C. M. & St. P. Ry. Co. 90 Minn. 17, 95 N. W. 586, 101 A. S. R. 384; Marsh v. Minneapolis Brg. Co. 92 Minn. 182, 99 N. W. 630; Depue v. Flatau, 100 Minn. 299, 111 N. W. 1, 8 L.R.A. (N.S.) 485; Stuelpnagel v. Paper, Calmenson & Co. 111 Minn. 3, 126 N. W. 281; Larson v. Red River T. Co. 111 Minn. 427, 127 N. W. 185; Conway v. Charles H. Wood & Co. 113 Minn. 476, 129 N. W. 1045; Mitton v. Cargill Elev. Co. 124 Minn. 65, 144 N. W. 434; McColl v. Cameron, 126 Minn. 144,

148 N. W. 108; Jewison v. Dieudonne, 127 Minn. 163, 149 N. W. 20; Lundeen v. G. N. Ry. Co. 141 Minn. 180, 169 N. W. 702; Powell v. Great Lakes Transit Corp. 152 Minn. 90, 188 N. W. 61; Fraser v. G. N. Ry. Co. 166 Minn. 308, 207 N. W. 644. In either such case the defendant owed plaintiff the duty of exercising ordinary care to avoid injuring him. Where the presence of a licensee is known to an owner of property or operator of machinery, there is a duty to exercise ordinary care to avoid injury to him. 45 C. J. 803.

Where the person injured is an invitee, whether the invitation is express or implied, the owner in charge of property or instrumentalities owes the duty of exercising ordinary care. 45 C. J. 823-825.

■ When the train arrived at Winnebago it stopped for the usual switching operations and to make usual train movements to place cars in position to load and unload freight. Plaintiff stepped out of the caboose and walked around outside. He then, either by re-entering and passing through the caboose or passing around it, went upon the front platform thereof. While there the train slowly moved ahead about two car lengths for the purpose of placing a car in position to unload freight. Plaintiff claims that while this movement was going on he turned to re-enter the caboose, and the train then slacked up for stopping, with a violent and unusual jar, which caused him to be thrown backward over the railing of the platform to the ground and caused his injury. He claims that the fireman, who was operating the engine, was negligent in so applying the brakes as to cause this jar. He is the only one who testified to any such jar. The trainmen and the only passenger in the caboose deny that there was any violent or unusual jar.

The evidence to show failure of the defendant to exercise ordinary care is weak and unsatisfactory. A verdict based thereon would be difficult to sustain. But judgment notwithstanding the verdict should not be granted by this court unless the evidence is practically conclusive against the verdict and there is no probability that other evidence can be presented on a new trial. Erwin v. Shell, 119 Minn. 496, 138 N. W. 691; Stebbins v. Martin, 121 Minn. 154, 140 N. W. 1029.

The case of G. M. & N. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. ed. 370, is cited. Wells, the plaintiff there, was in the employ of the railway company at the time he was injured. He was a brakeman, and his duties required him to be about and upon moving cars and at times to get on and off such cars. This court has not strictly followed the federal Supreme Court in negligence cases where recovery is not sought under any federal law. The federal courts do not grant judgment notwithstanding the verdict in any event.

■ Plaintiff, over objections, was permitted to show that the train conductor, after the accident and on his return to Vernon Center, went into the ticket office there, purchased and paid for a ticket to cover plaintiff's trip, and reported the same to the company as a ticket taken up by him as conductor on the trip. Plaintiff had no part in or knowledge of this transaction. The reception of this evidence was error.

■ The question of plaintiff's contributory negligence was a close question of fact. We do not further discuss it.

Other questions presented are not likely to arise on a new trial.

For the reasons stated it was error to deny the motion for a new trial.

Order denying a new trial reversed.

Holt, J. (dissenting).

I dissent to holding as a matter of law on this record that plaintiff was not a passenger. He bought and paid for a ticket and surrendered it to the conductor. Whether he knew that the conductor thereafter delivered the ticket to the depot agent and got the price back for plaintiff's use so that his status as a passenger ended when he accepted some money from the conductor appears to me to be a jury question.

Upon Reargument.

On September 19, 1930, the following opinion was filed:

Per Curiam.

Reargument was granted on the one issue of the sufficiency of the

evidence to sustain any finding of negligence on the part of the defendant.

The record has been re-examined and considered.

As indicated in the original opinion, we do hold that the evidence in the present record is insufficient to sustain a finding that defendant was guilty of any negligence.

With that statement, the former opinion is adhered to.

