## THOMAS DONNELLY v. FRANK STEPKA.[1]

December 7, 1934.

No. 30,022.

*Thomas Tallakson,* for appellant.

*F. C. & H. A. Irwin,* for respondent.

[1]Reported in 257 N. W. 505.

HILTON, JUSTICE.

Action by the owner and lessor of certain farm lands to recover from the lessee $500 with interest for the balance of rent claimed to be unpaid. The answer admitted the lease, but alleged that prior to the institution of this action plaintiff commenced an unlawful detainer action predicated upon nonpayment of rent; that said action was settled and compromised by defendant's immediately removing from the farm, plaintiff taking possession thereof and of crops then thereon and selling and disposing of the same and applying the proceeds received to the payment of the rent; that the settlement was in full for all matters between the parties, and denied that defendant owed anything to plaintiff. The case was tried to a jury, which, after a charge to which no exception was taken, returned a verdict for defendant. At the close of all the evidence plaintiff moved for a directed verdict and after the verdict moved for judgment notwithstanding. Both motions were denied, judgment was entered, and this appeal taken therefrom.

The lease was for a term of three years, commencing November 15, 1931, and expiring November 15, 1934. The annual rental was $850, which was to be paid in two instalments, $150 on May 20 and $700 on August 1 of each year. Among other provisions in the lease was the following:

"It is also agreed that the party of the first part may hold and claim all of the crops raised on the farm as security for the rent money if the same is not paid on time as herein specified."

Defendant having defaulted in the payment of rent, an action in unlawful detainer was instituted on or about September 19, 1932. The settlement of that action was evidenced by a stipulation dated September 23, 1932, wherein defendant released all rights to the farm and agreed to vacate the same in accordance with the prayer in the complaint and that judgment might be entered against him in favor of plaintiff for the restitution thereof, together with the costs of the action. The defendant moved off the premises the day following the signing of the stipulation. Plaintiff took possession. He received certain of the crops (wheat, oats, hay, and corn

fodder) remaining on the premises and sold the same and applied the proceeds thereof on the rent, and in addition thereto gave certain other credits to the defendant on said rent, leaving a balance of $500, the amount asked for in the complaint, which amount is not in dispute.

Defendant claims that before the stipulation settling the unlawful detainer action was entered into an oral agreement was made between the parties whereby plaintiff released him from all obligations for rent under the lease. His testimony, which in view of the verdict we must consider as true, was:

"Before they asked me to sign the paper I asked Mr. Sullivan [plaintiff's attorney] and Donnelly both whether me and Mr. Donnelly were through after this was signed and they wanted me to pay a little expense and I gave a check for $10 and then signed it after they said we were through and I thought we were through and I moved off and Mr. Donnelly took possession and sold off a lot of stuff to his son-in-law, and I moved off, and that is all I know about it."

Plaintiff did not admit that the foregoing statements were correct. He here contends that, even assuming them to be true, they were insufficient to warrant the jury in finding therefrom that defendant was released from liability to pay the balance of the rent then due, and that in any event the claimed agreement could be of no legal effect for the reason that there was no consideration therefor.

■ That the evidence relative to the oral agreement may not be entirely satisfactory does not permit this court to order judgment notwithstanding the verdict. To warrant judgment *non obstante* the evidence must be practically conclusive against the verdict. Hunter v. C. St. P. M. & O. Ry. Co. 180 Minn. 305, 230 N. W. 793, 231 N. W. 920; Stritzke v. C. G. W. R. Co. 190 Minn. 323, 251 N. W. 532; Thom v. N. P. Ry. Co. 190 Minn. 622, 252 N. W. 660. There was no motion for a new trial. The evidence here considered does not warrant judgment *non obstante* within the above rule.

■ We conclude that there was sufficient consideration for the agreement found by the jury to have been made. It is to be noted

that under the terms of the lease plaintiff, upon default in the payment of rent, had the right to hold the crops as security. The failure to pay the rent when due gave plaintiff an enforceable lien upon the crops. The voluntary vacating of the premises and surrender of the crops to plaintiff without the doing of anything to enforce the lien was a benefit to plaintiff both in the saving of time and expense and was therefore sufficient consideration for plaintiff's promise to release defendant from further payment of rent. Vought v. Porter, 173 Minn. 302, 217 N. W. 352.

Affirmed.