### McCANN v. ANCHOR LINE (Henderson Brothers), Limited, et al.
### No. 476.

Circuit Court of Appeals, Second Circuit.
July 1, 1935.

Lord, Day & Lord, of New York City (Thaddeus G. Cowell and Woodson D. Scott, both of New York City, of counsel), for appellant.

Lucien V. Axtell and Francis Cunningham, both of New York City (Joseph A. Fagnant and Silas B. Axtell, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

## PER CURIAM.

The only point requiring discussion in this case is whether the plaintiff was an "invited person" or a "business visitor" while on board the defendant's ship, the Caledonia, in the port of New York. She had gone on board to say good-bye to a friend who was a passenger, and while there caught her foot upon the top of a companionway, which we must assume to have been negligently left out of repair. If she was merely a licensee, the defendant was not liable; otherwise, if she was a business visitor. The passenger's daughter had invited her to see her mother off when the ship left, and on that invitation she boarded the vessel and was walking with a party of three or four, one of whom was the passenger's son-in-law, towards the passenger's stateroom. The jury might infer that the passenger had already seen her, had welcomed her, and wished her to go to the stateroom; in other words, that the passenger had invited her to join the party after she came on board.

The books are not altogether clear as to the duty of a railway company towards those who come on its premises to say good-bye to, or to meet, its passengers. When the purpose is to help or guard the passenger, the attendant is certainly a business visitor, but, when it is merely to greet or speed him, the decisions are not uniform. In Galveston, etc., Ry. Co. v. Matzdorf, 102 Tex. 42, 112 S. W. 1036, 20 L. R. A. (N. S.) 833, 132 Am. St. Rep. 849, Arkansas, etc., Ry. Co. v. Sain, 90 Ark. 278, 119 S. W. 659, 22 L. R. A. (N. S.) 910, and Montgomery, etc., Ry. Co. v. Thompson, 77 Ala. 448, 457, 54 Am. Rep. 72 (semble), the visitor was treated as a licensee only. Not so in McKone v. Michigan Cent. R. Co., 51 Mich. 601, 17 N. W. 74, 47 Am. Rep. 596, Banderob v. Wisconsin Cent. Ry. Co., 133 Wis. 249, 113 N. W. 738, Hutchins v. Penobscot, etc., Steamboat Co., 110 Me. 369, 86 A. 250, Ann. Cas. 1914D, 132, and Powell v. Great Lakes, etc., Corporation, 152 Minn. 90, 188 N. W. 61 (the last case concerned a steamship company). We do not find it necessary to decide that question, because the visiting friend of a passenger leaving on a transatlantic steamer appears to us to be in another class. The tradition still to some extent endures that such a trip is an occasion of some consequence; passengers like to have their friends see them off, and have come so far to expect it as part of the prerequisites of the trip that they would resent its denial in a way that would be serious to the line that undertook to deny it. It seems to us that for this reason leave to visitors to go aboard is in the interest of the shipowner; it is a customary appurtenance of his passengers' privileges which he cannot safely refuse, which indeed it is not extravagant to consider as one of the inducements that he holds out to them, and for which he is paid.

Judgment affirmed.